PEOPLE v STEWART

Docket No. 58413. Submitted February 4, 1983, at Lansing.—Decided June 7, 1983.

Esau Stewart was convicted of felonious assault, Washtenaw Circuit Court, Edward D. Deake, J. The defendant appealed, alleging that the trial court erred in (1) holding that the prosecutor exercised due diligence in attempting to produce a res gestae witness, (2) refusing to give a Criminal Jury Instruction in its entirety, and (3) admitting into evidence a photograph of the victim. *Held:*

1. The trial court did not abuse its discretion in determining that the prosecutor exercised due diligence in attempting to produce the res gestae witness.

2. The trial court's omission of a portion of the Criminal Jury Instruction does not constitute *error requiring reversal.* Jury instructions must be read as a whole and not extracted piecemeal in an effort to establish error requiring reversal. The trial court instructed the jury on its role in evaluating the testimony for weight, credibility and believability. The jury was given the greater portion of the requested instruction and the trial court fully instructed the jury on the burden of proof and the necessity for proof beyond a reasonable doubt.

3. The admission of the photograph of the victim was within the sound discretion of the trial court and the trial court did not abuse that discretion. The photograph could have been instructive and was not calculated to excite passion or prejudice.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 159.

29 Am Jur 2d, Evidence §§ 180, 181.

81 Am Jur 2d, Witnesses § 2.

[2] 4 Am Jur 2d, Appeal and Error § 534.

[3] 5 Am Jur 2d, Appeal and Error § 881.

21A Am Jur 2d, Criminal Law §§ 799, 812, 952, 1020.

29 Am Jur 2d, Evidence § 371.8.

Admissibility of evidence of photographic identification as affected by allegedly suggestive identification procedures. 39 ALR3d 1000.

1. CRIMINAL LAW — RES GESTAE WITNESSES — DUE DILIGENCE.

   The question of whether due diligence has been shown by a prosecutor in attempting to produce res gestae witnesses is a matter for the discretion of the trial court and a trial court's decision regarding due diligence should be overturned on appeal only where a clear abuse of discretion is shown.

2. JURY — JURY INSTRUCTIONS.

   Jury instructions must be read as a whole on appeal and not extracted piecemeal in an effort to establish error requiring reversal.

3. CRIMINAL LAW — PHOTOGRAPHIC EVIDENCE — APPEAL.

   Admission of photographic evidence in a criminal case lies within the sound discretion of the trial court and photographs which are pertinent, relevant, competent or material on any issue are not inadmissible merely because they show shocking or gruesome details of the crime; an appellate court reviewing a trial court's decision to admit photographs should determine whether the photographs were substantially necessary or instructive to show material facts or conditions or were merely ` calculated to excite passion and prejudice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Susan I. Einowski,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Following a jury trial, defendant was found guilty of felonious assault, MCL 750.82; MSA 28.277, a lesser-included offense of the original charge of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. Defendant was sentenced to a prison term of one and one-half to four years. He appeals as of right, raising three issues.

Defendant argues that the trial court committed error requiring reversal by holding that the prose-

cutor exercised due diligence in attempting to produce a res gestae witness, David Holley. The determination of due diligence rests within the sound discretion of the trial court and will be overturned on appeal only when a clear abuse of discretion is shown. *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982); *People v Donald,* 103 Mich App 613, 615; 303 NW2d 247 (1981).

In this case, the trial court did not abuse its discretion by determining that due diligence had been exercised. Factually, this case is similar to *People v Fournier,* 86 Mich App 768, 776-779; 273 NW2d 555 (1978). Both Trooper Payne and the prosecutor contacted the missing witness's grandparents and left their phone numbers in case Holley contacted his grandparents. Other leads were investigated, and the aid of other res gestae witnesses was sought. As in *People v Stanford,* 68 Mich App 168, 172-173; 242 NW2d 56 (1976), several attempts were made, but no leads were discovered. The Court in *Stanford* recognized that it was a close case and that a greater effort by the police may have been required. The Court, however, did not find the efforts so lacking that the trial court's approval constituted error requiring reversal. We find no reversible error in this case.

Defendant also argues that the trial court erred requiring reversal by refusing to give CJI 3:1:12 (Witnesses—Conflicting Testimony) in its entirety. The court agreed to give the instruction except for subparagraph (3). Apparently, the Washtenaw circuit bench believes that subparagraph does not correctly state the law of Michigan.

CJI 3:1:12(3) reads:

"However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant."

Jury instructions must be read as a whole, *People v Johnson,* 93 Mich App 667, 670; 287 NW2d 311 (1979), and not extracted piecemeal in an effort to establish error requiring reversal. *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979), *lv den* 406 Mich 940 (1979).

The omission of subparagraph (3) did not remove an issue from the jury's consideration. The jury was fully apprised of the claim of self-defense, unlike the omission of an alibi instruction in *People v Crofoot,* 254 Mich 167; 235 NW 883 (1931). The trial court instructed the jury on its role in evaluating the testimony for weight, credibility and believability. The jury was given the greater portion of the requested instruction, and the trial court fully instructed the jury on the burden of proof and the necessity for proof beyond a reasonable doubt. Although the trial court did not state its reason for the omission of subparagraph (3), we conclude that the instructions, taken as a whole, gave the essence of the omitted paragraph and adequately informed the jury of the applicable law.

Finally, we consider defendant's third allegation of error. Admission of photographic evidence lies within the sound discretion of the trial court. *People v Eddington,* 387 Mich 551, 561-563; 198 NW2d 297 (1972); *People v Rocha,* 110 Mich App 1, 13; 312 NW2d 657 (1981), *lv den* 413 Mich 912 (1981). The reviewing court must determine whether the photographs were substantially necessary or instructive to show material facts or conditions or were merely calculated to excite passion and prejudice. *People v Falkner,* 389 Mich 682, 685; 209 NW2d 193 (1973). Photographs which are pertinent, relevant, competent or material on any issue are not inadmissible merely because they

show shocking or gruesome details of the crime. *People v Fuzi #2,* 116 Mich App 277, 281; 323 NW2d 358 (1982).

Defense counsel objected to the admission of a photograph taken one week after the incident while the victim was in the hospital. Defense counsel objected on the basis that the photograph was inflammatory because the victim's hair was shorn and that the photograph was not representative of what occurred on the evening of June 4, 1980. Defense counsel also argued that the photograph was merely cumulative evidence due to the testimony of the victim and the doctor who treated him as to the type, location and size of the injury.

We conclude that the photograph could have been helpful to throw light on the location and extent of the victim's head wound. In light of defendant's claim of self-defense, the conflicting testimony regarding the number of blows to the head and defendant's claim that only the end of the broken board struck the victim's head, the photograph could have aided the jury in determining the intent or the malice and force with which defendant struck the victim. The photograph could have been instructive and, in light of the fact that the photograph showed a "clean" wound rather than a bloody one, would not have been calculated to excite passion or prejudice. The admission of the photograph was within the sound discretion of the trial court, and we find no abuse of that discretion.

Affirmed.