PEOPLE v CRAWFORD

Docket No. 63530. Submitted July 1, 1983, at Grand Rapids.—Decided
    August 5, 1983. Leave to appeal denied, 418 Mich 956.
    Ronald Crawford was convicted of two counts of assault with
        intent to commit murder and one count each of carrying a
        concealed weapon and felony-firearm, Kent Circuit Court, Rob-
        ert A. Benson, J. Defendant appeals, alleging, *inter alia,* that
        the trial court erred in its instructions to the jury by allowing a
        finding of guilt on the assault charges upon a showing of either
        an intent to kill or an intent to create a very high degree of
        risk of death with knowledge of the probable consequences.
        *Held:*
        A conviction of assault with intent to commit murder must
        be supported by a finding of an actual intent to kill. The trial
        court's instruction on this issue was erroneous. Because the
        assault convictions are reversed, the felony-firearm conviction
        must be vacated. The concealed weapon conviction is affirmed.
        Affirmed in part, reversed in part and remanded.

Assault and Battery — Assault With Intent To Murder —
    Intent.
    Actual intent to kill must be proven to support a conviction of
        assault with intent to commit murder; a jury instruction which
        allows a conviction upon a finding of either an intent to kill or
        an intent to create a very high degree of risk of death with
        knowledge of the probable consequences is not a correct state-
        ment of the law.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Timothy K. McMorrow,* Chief
Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Reference for Points in Headnote
40 Am Jur 2d, Homicide §§ 535, 568 *et seq.*

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

PER CURIAM. Defendant, Ronald Crawford, was convicted of two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, one count of carrying a concealed weapon, MCL 750.227; MSA 28.424, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to two terms of life imprisonment on the assault convictions, three to five years on the carrying a concealed weapon conviction, and the mandatory consecutive two-year term on the felony-firearm conviction.

Defendant's convictions arose out of a shoot-out at the Grand Rapids Hall of Justice on January 9, 1981. Two police officers were shot by defendant as he tried to leave the courthouse when confronted by an officer attempting to execute an outstanding warrant for defendant's arrest.

Of the several issues raised by defendant on appeal, one merits discussion and requires reversal of his convictions of assault with intent to commit murder.

Over defense counsel's objection, the trial court instructed the jury that, to support convictions on the assault charges, they were to find that at the time of the assaults, defendant "intended to murder" the police officers. The court further instructed:

"Murder is the killing of one person by another with malice. Malice is a term with special meaning in the law. Malice means that the defendant intended to kill or that he consciously created a very high degree of risk

* Circuit judge, sitting on the Court of Appeals by assignment.

of death with knowledge of the probable consequences of his act and that he did so under circumstances which did not justify, excuse or mitigate the crime."

Thus, the jury was authorized to convict defendant of assault with intent to commit murder upon finding either that he intended to kill the officers or that he intended consciously to create a very high degree of risk of death with knowledge of the probable consequences of his acts.

The Supreme Court has held, however, that actual intent to kill must be proven to support a conviction of assault with intent to commit murder. *People v Scott,* 6 Mich 287 (1859); *Maher v People,* 10 Mich 212 (1862); *Roberts v People,* 19 Mich 401 (1870). See also *People v Ochotski,* 115 Mich 601; 73 NW 889 (1898), and *Wilson v People,* 24 Mich 410 (1872).[1]

Because the jury was not properly instructed on an essential element of assault with intent to commit murder and because defendant's intent was the sole disputed issue, we reverse defendant's assault convictions and remand for a new trial on the assault charges.

On the authority of *People v Carter,* 96 Mich App 694; 293 NW2d 681 (1980), *lv den* 410 Mich 872 (1980), we vacate defendant's felony-firearm conviction. His conviction of carrying a concealed weapon is affirmed.

Affirmed in part; reversed in part and remanded

---

[1] The instruction given in this case was taken from the standard jury instruction in effect at the time of defendant's trial. The instruction has since been amended to accord with Supreme Court authority. See II Michigan Criminal Jury Instructions, 17-23 to 17-26. CJI 17:2:01. Pending currently before the Supreme Court is a request for review in a case wherein the issue of the intent element of assault with intent to murder is raised. *People v Ross,* 410 Mich 864 (1980).

to the circuit court for further proceedings consistent with this opinion.[2]

---

[2] The issue of nonproduction of alleged res gestae witnesses, raised by defendant in his motion to remand, shall be resolved in the lower court on remand.