## PEOPLE v TUTTON

Docket No. 68309. Submitted June 21, 1983, at Lansing.—Decided August 31, 1983.

Wayne M. Tutton, an inmate at the State Prison of Southern Michigan, was charged on February 4, 1982, with a breaking and entering which had occurred a month earlier while defendant was an escapee. Prior to the scheduled date of trial the parties stipulated to adjourn the matter to a later date. On October 20, 1982, defendant moved to have the case dismissed because he had not been brought to trial within the required 180 days. The Jackson Circuit Court, Russell E. Noble, J., after a hearing on the motion, dismissed the charge on November 15, 1982. The trial court did not conduct a hearing to determine the reasonableness of the delay or the good faith of the prosecutor in bringing the case to trial, apparently basing the dismissal on the premise that the Supreme Court had abrogated the good-faith test in the case of *People v Woodruff,* 414 Mich 130 (1982). The prosecution appeals. *Held:*

1. The holding in *People v Woodruff* did not abrogate the good-faith test.

2. The trial court's interpretation of *Woodruff* precluded the prosecution from making a showing of good faith. The case is remanded to the trial court for a determination of whether the prosecution violated the good-faith test by inexcusably delaying trial of the case beyond the 180-day period and evidencing an intent not to bring the case to trial promptly. If so, the trial court is affirmed; if not, the trial court is reversed.

Remanded for further proceedings.

CRIMINAL LAW — PRISONERS — 180-DAY RULE — GOOD-FAITH REQUIREMENT.

The statute which requires that an untried warrant against a prison inmate must be proceeded upon within 180 days of the requisite notice does not require a trial to commence or be completed within the 180-day period; it is sufficient if the prosecutor takes good-faith action on the warrant within the

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 853, 856, 863.

> 180-day period and thereafter proceeds promptly to ready the case for trial; a lack of good faith may be found where preliminary steps are taken within the 180-day period but are followed by an inexcusable delay beyond the 180-day period which evidences an intent not to bring the case to trial promptly (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

*Parker, Adams & Mazur, P.C.* (by *James D. Adams),* for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and J. R. ERNST,* JJ.

D. E. HOLBROOK, JR., J. This appeal involves the 180-day rule of MCL 780.131; MSA 28.969(1). On February 4, 1982, a criminal complaint was filed in Jackson County against defendant charging him with a January 2, 1982, breaking and entering of an occupied dwelling, MCL 750.110; MSA 28.305. On the date of the offense defendant was apparently an escaped prisoner from State Prison of Southern Michigan.

Defendant was arraigned on February 8, 1982. Defendant's preliminary examination was held on March 10, 1982, after several adjournments, with defendant being bound over to circuit court as charged. The original trial date was set for July 28, 1982, within the required 180 days. Prior to this scheduled date of trial, however, the parties stipulated to adjourn the matter until a later date to be determined by the court. On October 7, the trial was rescheduled for November 29, 1982. On October 20, 1982, defendant moved to dismiss the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

case for the reason that the 180-day rule had been violated. A hearing on defendant's motion was held on October 29, 1982, and an order of dismissal was entered on November 15, 1982. No hearing was held to establish the reasonableness of the delay or the good faith of the prosecution in bringing the case to trial. The trial court apparently dismissed defendant's case based on the premise that *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982), abrogated the good-faith test enunciated in *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959). The prosecution appeals as of right.

The good-faith test, enunciated in *Hendershot,* provides:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by section 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period." 357 Mich 303-304.

The issue presented is whether the recent holding in *Woodruff, supra,* abrogated the good-faith test and, if not, whether the record supports a finding that the delay herein in bringing defendant to trial was inexcusable.

We do not believe the good-faith test as enunciated in *Hendershot* was eliminated by *Woodruff.* We find it is unlikely the Supreme Court would abrogate the good-faith test without specifically and expressly doing so. Moreover, the application of the good-faith test was not at issue in *Woodruff.*

The holding in *Woodruff* was that all prisoners are within the scope of the act. The strong language in *Woodruff* that "[c]harges are either to be tried within a specified time or dismissed" and that this is "unambiguously plain" cannot be taken out of context. See *Woodruff, supra,* pp 135-136.

Defendant argues, however, that even if the good-faith test is still applicable, good faith has not and cannot be demonstrated by the prosecution since nothing in the lower court record indicates a reasonable excuse for delay. In the instant case the complaint was filed on February 4, 1982. On that day the 180-day period began to run, since defendant was an inmate at State Prison of Southern Michigan. See *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978). This period expired on August 3, 1982.

The 180-day rule does not require the trial to be commenced within 180 days. Rather it obligates the prosecution to take good-faith action during the 180-day time period and thereafter to proceed promptly to ready the case for trial. *People v Till,* 115 Mich App 788, 792; 323 NW2d 14 (1982). If preliminary steps are taken within the 180-day period but are followed by an inexcusable delay beyond the 180-day period which evidences an intent not to bring the case to trial promptly, the court may find that good-faith action was not taken. *Hendershot, supra,* pp 303-304.

Based on the above, the first step was met herein. Action was taken within 180 days. Defendant was arraigned, had his preliminary examination, and the first trial was set within 174 days. We find, however, that it is unclear from the record whether the delay beyond the 180 days was inexcusable and thus attributable to the prosecution.

We find that the prosecution was precluded from making a showing of good faith by the trial court's interpretation of *Woodruff*. We therefore remand to the trial court to determine if the good-faith test was violated since we believe the trial court is in a better position to make this determination than we are. If said test was violated then we affirm the trial court. If not, the trial court is reversed. We retain no further jurisdiction.

Remanded for proceedings consistent herewith.