PEOPLE v GASCO

Docket No. 77943. Submitted January 10, 1985, at Grand Rapids.—
Decided July 16, 1985. Leave to appeal applied for.

Leonard Gasco was convicted of first-degree criminal sexual con-
duct in April, 1980. On June 24, 1982, that conviction was
reversed by the Court of Appeals and the case was remanded to
the Newaygo Circuit Court for a new trial. On that date and at
all dates relevant to this appeal, defendant was serving a
prison sentence for an unrelated felony conviction. The prose-
cution's application for leave to appeal to the Supreme Court
was denied on November 10, 1982. Between that date and
August 8, 1983, the prosecution and defense counsel engaged in
ongoing plea negotiations but avoided setting a trial date. On
August 8, 1983, the trial court *sua sponte* scheduled trial for
September 29, 1983. On September 15, 1983, defendant filed a
motion to quash, alleging that the 180-day rule had been
violated. The motion was denied, Lawrence C. Root, J. Defen-
dant appealed. *Held:*

Preliminary steps to bring a case to trial within the 180-day
period may not be followed by an inexcusable delay beyond the
180-day period which evidences an intent not to bring the case
to trial promptly. The fact that the crucial inactivity in this
case was due to both the prosecution's and the defense's inter-
est in reaching a satisfactory plea bargain does not eliminate
the prosecution's obligation to bring the case promptly to trial.
The 180-day rule was violated. Therefore, the trial court's
decision is vacated and the charge against defendant is dis-
missed with prejudice.

Case dismissed.

1. CRIMINAL LAW — PRISONERS — 180-DAY RULE — GOOD-FAITH
   REQUIREMENT.

   The statute which requires that an untried warrant against a
   prison inmate must be proceeded upon within 180 days of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law § 849 *et seq.*

Adequacy of defense counsel's representation of criminal client
regarding speedy trial and related matters. 6 ALR4th 1208.

requisite notice does not require a trial to commence or be completed within the 180-day period; it is sufficient if the prosecutor takes good-faith action on the warrant within the 180-day period and thereafter proceeds promptly to ready the case for trial; a lack of good faith may be found where preliminary steps are taken within the 180-day period but are followed by an inexcusable delay beyond the 180-day period which evidences an intent not to bring the case to trial promptly (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — PRISONERS — 180-DAY RULE

The fact that a period of crucial inactivity was due to both the prosecution's and the defense's interest in reaching a satisfactory plea bargain does not absolve the prosecution of its obligation under the 180-day rule to bring promptly to trial a case involving an untried charge against a prison inmate (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *H. Kevin Drake,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, Department of Attorney General, Prosecuting Attorneys Appellate Service, for the people.

State Appellate Defender (by *Kim Robert Fawcett),* for defendant on appeal.

Before: MACKENZIE, P.J., and R. M. MAHER and R. J. CHRZANOWSKI,* JJ.

PER CURIAM. On April 18, 1980, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). That conviction was reversed by this Court on June 24, 1982, and the case was remanded to the circuit court for a new trial. The prosecution subsequently applied for leave to appeal to the Supreme Court, but on November 10, 1982, the Supreme Court denied the application for leave. *People v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Gasco,* 414 Mich 951 (1982). The order denying leave was filed in the trial court on November 17, 1982. On November 23, 1982, the circuit court appointed counsel for defendant.

Following the appointment of counsel by the circuit court, nothing happened until December 21, 1982, when substitute counsel was appointed. A pretrial conference was scheduled for January, 1983, but was not held. A pretrial conference was held on February 1, 1983, but was adjourned by the agreement of both the prosecutor and the defense counsel because they wished to pursue plea and sentence negotiations. On April 15, 1983, another pretrial conference was held; at that conference, a trial date was not set, as both attorneys again requested a recess to continue plea negotiations. The agreement was to recess the pretrial conference for 30 days before scheduling a trial date to continue the negotiations and to give the attorneys another 15 days after the end of the 30-day period in which to file any pretrial motions. No trial date was set, however, until on August 8, 1983, the trial court *sua sponte* scheduled trial for September 29, 1983. On August 11, 1983, defense counsel filed a written waiver of speedy trial on defendant's behalf (although defendant had not signed the waiver) to continue the plea and sentence negotiations. Finally, on September 15, 1983, defense counsel filed a motion to quash, alleging that the 180-day rule, MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.,* had been violated. The trial court denied the motion, and defendant filed this interlocutory appeal. During this entire 318-day period,[1] defendant remained in prison, serving a sentence on an unrelated conviction.

---

[1] Beginning November 17,1982, the date on which the order denying leave to appeal to the Supreme Court was filed in the circuit court.

The issue before us is whether the 180-day rule has been violated where both the prosecution and the defense are equally responsible for the delay in bringing the defendant to trial because of a mutual desire to reach a negotiated plea and sentence bargain and to avoid the necessity of bringing the case to trial. We find that, in this case, the 180-day rule has been violated.

The 180-day rule does not require the trial to be commenced within 180 days. Instead, the rule obligates the prosecution to take good-faith action during the 180-day time period and thereafter to proceed to ready the case for trial. *People v Tutton,* 128 Mich App 412; 340 NW2d 649 (1983). Preliminary steps to bring the case to trial within the 180-day period may not be followed by an inexcusable delay beyond the 180-day period which evidences an intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959); *Tutton, supra; People v Atkinson,* 120 Mich App 723, 732-733; 328 NW2d 102 (1982), (ROBINSON, J., concurring). In this case, as evidenced by the appointment of counsel for defendant and the subsequent pretrial conferences, there was some action directed toward bringing defendant to trial. Unfortunately, that action was not followed by any attempt to set a trial date or to have defendant rearraigned on the charge upon which he was to be tried. Instead, had the trial court not acted on its own to finally set a date for trial, it is possible that a trial date would not have been set for many more months. We recognize that this crucial inactivity was due to both the prosecution's and the defense's interest in reaching a satisfactory plea bargain. However, such mutual responsibility cannot entirely eliminate the prosecution's long-recognized obligation to bring the case promptly to trial:

"Prior decisions of this Court indicate that the ultimate responsibility for going forward with a case falls on the prosecution, even if delay results, for example, from the illness of the trial judge. * * * In addition, the delay may not be blamed on inaction of the defendant, who is not required to demand a speedy trial in order to preserve his right to a dismissal." *People v Forrest,* 72 Mich App 266, 270; 249 NW2d 384 (1976). (Citations omitted.) See also *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978); *People v Farmer,* 127 Mich App 472, 477; 339 NW2d 218 (1983).

As in *People v Pitsaroff (On Remand),* 127 Mich App 230; 338 NW2d 193 (1983), we find it significant that, despite the ongoing plea negotiations, the case was neither scheduled for trial nor set for a time for defendant to plead until long after the 180-day period had passed. Finally, we find that the purported waiver of defendant's speedy trial rights is irrelevant except for its indication that the desire to reach a plea bargain was mutual. Under these circumstances, we hold that the 180-day rule has been violated and, therefore, vacate the judgment of the trail court and dismiss with prejudice the charge against defendant.

Case dismissed.