PEOPLE v CRAWFORD

Docket No. 84770. Submitted November 6, 1986, at Grand Rapids. Decided March 24, 1987.

Ronald Crawford was convicted following a jury trial in the Kent Circuit Court of two counts of assault with intent to commit murder and one count each of carrying a concealed weapon and possession of a firearm during the commission of a felony. The trial court, Robert A. Benson, J., sentenced defendant to two terms of life imprisonment on the assault convictions, from three to five years on the concealed weapon conviction, and the mandatory consecutive two-year term on the felony-firearm conviction. Defendant appealed and the Court of Appeals reversed the assault convictions and the felony-firearm conviction and affirmed the concealed weapon conviction. 128 Mich App 537 (1983). After retrial on the assault and felony-firearm charges, the defendant was again convicted on the two assault charges and the felony-firearm charge. The trial court, Robert A. Benson, J., sentenced defendant to two concurrent terms of from sixty-five to one hundred years on the assault convictions, plus the mandatory two-year term on the felony-firearm conviction. Defendant appeals.

The Court of Appeals *held:*

1. The trial court's instructions on specific intent were proper.

2. The parolable life term is, as a matter of law, a lengthier

REFERENCES

Am Jur 2d, Appeal and Error §§ 623, 817.

Am Jur 2d, Criminal Law §§ 538, 580 *et seq.*; 593, 606, 627, 630, 859 *et seq.*

Am Jur 2d, Trial § 28.

Construction and application of provision of Rule 51 of Federal Rules of Civil Procedure requiring party objecting to instructions or failure to give instruction to jury, to state "distinctly the matter to which he objects and the grounds for objections." 35 ALR Fed 727.

Propriety of increased punishment on new trial for same offense. 12 ALR3d 978.

See also the annotations in the Index to Annotations under Appeal and Error; Sentence and Punishment.

sentence than any term of years, even though a defendant sentenced to life in prison may be eligible for parole before a defendant sentenced to a lengthy term of years. Thus, a term of years is not a harsher sentence than a life sentence. The trial court did not impose a different sentence out of vindictiveness and the new sentence was not harsher than the previous one.

3. The trial court did not impermissibly consider defendant's lack of remorse when imposing his sentence.

4. The 180-day rule was not violated as the prosecution took good-faith action to ready the case for trial within 180 days and several of the delays were attributable to the defendant.

Affirmed.

M. J. KELLY, J., agreed with the majority in regard to the vindictiveness question but disagreed that the sentence of from sixty-five to one hundred years imprisonment on each of the assault convictions should be affirmed. It is his opinion that, with the lifer law applying to the sentence, a sixty-five-year minimum indeterminate sentence of a thirty-four-year-old man, even with maximum permissible credits, is harsher than a life sentence. He would reverse and remand for entry of life sentences on the assault convictions.

1. APPEAL — CRIMINAL LAW — PRESERVING QUESTION.

Appellate review of allegedly erroneous jury instructions is precluded, unless a miscarriage of justice would otherwise result, where the defendant failed to object in regard to the issue at trial.

2. JURY — JURY INSTRUCTIONS.

Jury instructions must be read as a whole on appeal and error requiring reversal will not be found where they adequately inform the jury of the applicable law.

3. CRIMINAL LAW — DUE PROCESS — RESENTENCING — ENHANCEMENT OF SENTENCE.

A defendant's due process rights are violated if a judge, in enhancing the defendant's sentence after retrial, indicates on the record that he is imposing a harsher sentence out of vindictiveness against defendant for having successfully appealed from his first conviction; the imposition of a higher sentence does not violate the defendant's right to due process where the record reveals that vindictiveness played no role in the judge's resentencing decision.

4. CRIMINAL LAW — SENTENCING — TERMS OF YEARS — LIFE SENTENCE.

A parolable life term is, as a matter of law, a lengthier sentence

than any term of years, even though a defendant sentenced to life in prison may be eligible for parole before a defendant sentenced to a lengthy term of years; a term of years is not harsher than a life sentence.

5. CRIMINAL LAW — SENTENCING — DEFENDANT'S LACK OF REMORSE.
    It is neither clearly erroneous nor improper for a trial court to consider a defendant's lack of remorse in sentencing the defendant.

6. CRIMINAL LAW — 180-DAY RULE — TRIAL.
    The 180-day rule requires a prosecutor to take good-faith action during the 180-day time period and thereafter to proceed to ready the case against the prison inmate for trial; the statute does not require that trial be commenced within 180 days; delays attributable to a defendant may negate a violation of the 180-day rule; the right to trial within a certain number of days may be waived by the defendant (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*James R. Rinck* and *George S. Buth,* for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and J. A. HATHAWAY,* JJ.

PER CURIAM. Defendant was convicted in 1981 on two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and carrying a concealed weapon, MCL 750.227; MSA 28.424. Defendant was sentenced to life imprisonment on the assault convictions. On appeal to this Court, the assault and felony-firearm convictions were reversed. *People v Crawford,* 128 Mich App 537; 340 NW2d 323 (1983). After retrial on those charges, defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

was again convicted on two counts of assault with intent to commit murder and felony-firearm. This time the judge sentenced him to two concurrent terms of from sixty-five to one hundred years on the assault with intent to commit murder convictions, plus the mandatory two-year term on the felony-firearm conviction. Defendant now appeals as of right.

Defendant's convictions arose out of a shoot-out at the Grand Rapids Hall of Justice in January, 1981. When police officers met defendant there to execute an outstanding warrant for his arrest, defendant shot two of them. At his second trial, defendant presented a diminished capacity defense, claiming he was too intoxicated from his voluntary use of alcohol and drugs to form the requisite specific intent necessary for conviction of assault with intent to murder.

Defendant's first claim on appeal is that the court's jury instructions on specific intent impermissibly shifted the burden of proof from the prosecution to defendant. Defendant did not object to the instructions at trial, when any error could have been cured. Therefore, appellate review of this issue is precluded, unless a miscarriage of justice would otherwise result. *People v Morris,* 139 Mich App 550, 560; 362 NW2d 830 (1984). To insure that no injustice is done defendant, we have reviewed the jury instructions and find no egregious error. Jury instructions must be read as a whole, and if they adequately inform the jury of the applicable law, no error requiring reversal is established. *People v Stewart,* 126 Mich App 374, 377; 337 NW2d 68 (1983). The trial court's instructions on specific intent, when read as a whole, were proper. The court did not, as defendant argues, instruct the jurors that they could presume

specific intent. Cf., *People v Wright,* 408 Mich 1, 22; 289 NW2d 1 (1980).

Defendant raises two issues concerning his sentences. Defendant first objects that the judge gave him harsher sentences than he had received on the same convictions after his first trial, although no new information had been produced to justify the increased sentences. A defendant's due process rights are violated if the judge, in enhancing defendant's sentence after retrial, indicates on the record that he is imposing a harsher sentence out of vindictiveness against defendant for having successfully appealed from his first conviction. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Jones,* 403 Mich 527; 271 NW2d 515 (1978), cert den 440 US 951; 99 S Ct 1432; 59 L Ed 2d 640 (1979). Where the record reveals that vindictiveness played no role in the judge's resentencing decision, the imposition of a higher sentence does not violate defendant's right to due process. *People v Van Auker (After Remand),* 132 Mich App 394, 398; 347 NW2d 466 (1984), rev'd in part and remanded 419 Mich 918 (1984).

The record indicates that the judge sentenced defendant to a term of years, rather than the life sentences imposed on his first convictions, only to effectuate his original intent to keep defendant "off the streets as long as possible." The record does not even hint at any vindictiveness because of defendant's successful appeal of his original convictions. Between defendant's first sentencing and second trial, the Supreme Court ruled that a person sentenced to a parolable life term was still eligible for parole consideration after just ten years. *People v Johnson,* 421 Mich 494, 498; 364 NW2d 654 (1984). The trial court's decision to impose indeterminate sentences of from sixty-five

to one hundred years, instead of life, foreclosed the possibility that defendant would be eligible for parole in just ten years. This is the basis for defendant's argument that his second sentence was harsher than his first.

This Court, in considering the vindictiveness issue, has held that a parolable life term is, as a matter of law, a lengthier sentence than any term of years, even though a defendant sentenced to life in prison may be eligible for parole before a defendant sentenced to a lengthy term of years. *People v McNeal,* 156 Mich App 379; 401 NW2d 650 (1986); *People v Lindsey,* 139 Mich App 412, 415; 362 NW2d 304 (1984). In *People v Hurst,* 155 Mich App 573; 400 NW2d 685 (1986), this Court, in considering a departure from the sentencing guidelines, expressed its frustration in attempting to review sentences with different parole consequences, especially when compounded by suggestions that the Department of Corrections considers defendants for parole after ten years despite *People v Johnson, supra.* Pending a response to *Hurst* from the Department of Corrections, we will abide by this Court's holdings that a term of years is not harsher than a life sentence. Therefore, this issue is without merit, not only because the judge did not impose a different sentence out of vindictiveness, but also because the new sentence was not harsher than the previous one.

Defendant also argues that the court impermissibly considered defendant's lack of remorse when imposing his sentence. It is neither clearly erroneous nor improper for a trial court to consider a defendant's lack of remorse in imposing sentence. *People v Federico,* 146 Mich App 776, 800; 381 NW2d 819 (1985).

Finally, defendant objects that the prosecution

did not make a good-faith effort to bring him to trial in compliance with the 180-day rule, MCL 780.131; MSA 28.969(1). The statute does not require the trial to be commenced within 180 days, but obligates the prosecution to take good-faith action during the 180-day time period and thereafter to proceed to ready the case against the prison inmate for trial. *People v Hill,* 402 Mich 272, 281; 262 NW2d 641 (1978); *People v Tutton,* 128 Mich App 412; 340 NW2d 649 (1983). In this case, the prosecution did make a good-faith effort to bring defendant to trial within the 180-day period. Some of the delay, moreover, was attributable to defendant, whose appointed counsel asked the court to reschedule the trial to accommodate his vacation, and then, just before the trial date, stated that he was unprepared, although it had been two months since his appointment. Delays attributable to a defendant have been held to negate a violation of the 180-day rule. *People v Pelkey,* 129 Mich App 325, 329; 342 NW2d 312 (1983). Finally, defense counsel stated on the record that he had discussed the matter with defendant, who had decided that he would prefer to waive the 180-day rule rather than start the case after only a short period of preparation. Defendant argues that, since defendant himself did not state his affirmance of this on the record, he has not adequately waived his constitutional right. This Court has observed that the right to trial within a certain number of days may be waived. *People v Browning,* 104 Mich App 741, 760; 306 NW2d 326 (1981). In *People v Ridley,* 142 Mich App 129, 131; 369 NW2d 274 (1985), this Court observed that, even if the defendant had not waived the 180-day rule on the record, the rule was not violated as the prosecution took good-faith action to ready the case for trial within 180 days and several of the delays were attributable to the

defendant. That holding applies to this case as well.

Affirmed.

M. J. KELLY, J. *(dissenting in part).* I dissent only as to the sentence imposed on defendant of from sixty-five to one hundred years on each of the assault with intent to commit murder counts. I do not disagree with the majority on the vindictiveness question. It is not my presumption to quarrel with the sentiment of this learned trial judge that defendant should be "off the streets forever." But I am in the dead of midnight as to a trial judge's sentencing power in terms of a defendant's passage through time to eternity. The Legislature has said that a life sentence (other than hard life, for first-degree murder and major drug traffic) is parolable.[1] The Supreme Court has said in *People v Johnson,* 421 Mich 498, 428; 364 NW2d 654 (1984), that life sentences for Proposition B[2] crimes are parolable. We have said in *People v Hurst,* 155 Mich App 573; 400 NW2d 685 (1986), that we need some daylight on the effect of indeterminate sentences vis-à-vis the corporal work of mercy known as the sentencing guidelines, to determine if our conscience is shocked under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

I see the issue here as being whether the holding in *People v Payne,* 386 Mich 84, 97; 191 NW2d 375 (1971), is implicated. There the Supreme Court held that "the imposition of a harsher sentence upon reconviction following appellant['s] successful appeal was constitutionally impermissible . . . ." See, *North Carolina v Pearce,* 395 US 711, 726; 89 S Ct 2072; 23 L Ed 2d 656 (1969). It is obvious to me that at the time the learned trial judge first

---

[1] MCL 791.234(4); MSA 28.2304(4).

[2] MCL 791.233b; MSA 28.2303(3)

sentenced this defendant he reasonably believed he had put him on ice for the duration. When he came up for resentencing, *People v Johnson, supra,* had been decided and the Proposition B durable life sentence balloon had been punctured. If malfunctions exist in the administration of the Department of Corrections and the parole board, I doubt they can be cured by unleashing huge indeterminate sentences which are impossible to serve out. There is a good deal of focusing and fine tuning yet to be accomplished. With the lifer law[3] applying to the sentence, it seems to me that a sixty-five-year minimum indeterminate sentence of a thirty-four-year-old man, even with maximum permissible credits, is harsher than a life sentence.[4]

In the meantime, I would reverse and remand for entry of life sentences on each of the assault with intent to murder convictions.

---

[3] See n 1.

[4] *People v Lindsey,* 139 Mich App 412; 362 NW2d 304 (1984), and *People v McNeal,* 156 Mich App 379; 401 NW2d 650 (1986), are wrongly decided. If the parole board can't reach an indeterminate sentence because of the time clock it is a harsher sentence than parolable life.