*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 22, 2024

Plaintiff-Appellee

v

No. 363543
Ingham Circuit Court
LC No. 16-000911-FH

MARKUS KENTAY VARY,

Defendant-Appellant.

Before: MALDONADO, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Following a jury trial, defendant, Markus Vary, was convicted of transporting a person for purposes of prostitution, MCL 750.459, and accepting the earnings of a prostitute, MCL 750.457. He was sentenced as a third-offense habitual offender, MCL 769.11, to serve 160 months to 40 years' imprisonment for each conviction. Vary appealed to this Court raising a number of challenges. This Court affirmed his convictions, but vacated his sentences and remanded for resentencing. *People v Vary*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2020 (Docket No. 344223), p 1. On resentencing, the trial court sentenced Vary to 150 months to 40 years' imprisonment for each conviction. Vary now appeals by right. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In July 2016, Vary met AV, a woman of no fixed abode who was working as a commercial sex worker. He offered to provide her with rides and "security" if she would give a portion of her earnings to him. She agreed. Thereafter, he arranged for her to stay at his friend's house and he provided her with crack cocaine. On July 14, 2016, he drove her and his girlfriend to a prostitution customer's house. The two women performed sexual acts with the customer. The money earned by the women was given to Vary. The next day, Vary, his girlfriend, and AV were apprehended in a sting operation at a motel. AV testified against Vary and his girlfriend in exchange for immunity. Vary testified that he had not arranged any prostitution dates. He denied providing the women with any direction or accepting any portion of their earnings. The jury, however, found

-1-

him guilty of transporting a person for purposes of prostitution and accepting the earnings of a prostitute.[1]

## II. CHANGE OF SENTENCING JUDGE

Vary first argues that he is entitled to resentencing because the judge who presided over his trial did not sentence him. He previously raised this issue in his prior appeal, and this Court rejected it, reasoning:

> "Generally, a defendant should be sentenced by the same judge who presided at [the defendant's] trial, provided that the judge is reasonably available." *People v Pierce*, 158 Mich App 113, 115; 404 NW2d 230 (1987), citing *People v Clemons*, 407 Mich 939; 291 NW2d 927 (1979). In this case, a visiting judge was assigned to, and presided over, Vary's trial. Specifically, at the beginning of trial, the visiting judge explained that he was a district court judge who had been temporarily assigned to the 30th Circuit Court by the State Court Administrator's Office. At sentencing, the prosecutor explained that the visiting judge who presided over Vary's trial was no longer assigned to the 30th Circuit Court. For that reason, the visiting judge no longer had authority to act as a circuit court judge at the time of sentencing, and was therefore not reasonably available to sentence Vary. Consequently, resentencing is not required. See *People v VanAuker (After Remand)*, 132 Mich App 394, 399; 347 NW2d 466 (1984), rev'd in part on other grounds 419 Mich 918 (1984) (holding that resentencing was not required when the visiting judge "was not reasonably available to sentence defendant since he no longer had the authority to act as a circuit judge in that circuit at the time of sentencing"). [*Vary*, unpub op at 6-7.]

Although Vary acknowledges that this Court has previously rejected his position, he directs this Court to the decision in *People v Bennett*, 344 Mich App 12; 999 NW2d 827 (2022), which was issued after his previous appeal was decided. In that case, the defendant was sentenced by a different judge than the one who had presided over his trial because the trial judge was reassigned to a different courthouse in the same county as a result of an administrative order. *Id*. at 14. The prosecution conceded that the trial judge was reasonably available, but argued that remand for resentencing was unnecessary because the defendant suffered no prejudice from being sentenced by a different judge. *Id*. at 20-21. The *Bennett* Court concluded that, regardless of whether the defendant was or was not prejudiced, remand for resentencing was necessary so long as the trial judge was still "reasonably available." *Id*. at 22-23.

Vary now contends that a remand is necessary to determine whether he was prejudiced because the sentencing judge was unfamiliar with the testimony and did not have an opportunity to observe the demeanor of the witnesses. Yet, *Bennett* does not alter the long-standing rule that reversal for resentencing before the same judge that presided over the trial is not warranted unless that judge is "reasonably available." *Id*. at 23. As this Court explained in our prior opinion, the

---

[1] Vary was also charged with third-degree criminal sexual conduct, MCL 750.520d(1)(b), but the jury was unable to reach a verdict on that charge. The prosecution, therefore, dismissed it.

judge that presided over Vary's trial was not reasonably available because he "no longer had the authority to act as a circuit judge in that circuit at the time of sentencing." *Vary*, unpub op at 7. Under the law-of-the-case doctrine, we are bound by that determination. See *People v Hawkins*, 340 Mich App 155, 191; 985 NW2d 853 (2022) (stating that the law-of-the-case doctrine provides that an appellate court's final determination on a matter of law binds both the lower court on remand and appellate courts in later appeals of the same case.").

## III. REASONABLENESS

### A. STANDARD OF REVIEW

Vary next asserts that he is entitled to resentencing because his sentences are unreasonable and disproportionate. "This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citation omitted). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Bass*, 317 Mich App 241, 256; 893 NW2d 140 (2016) (quotation marks and citation omitted).

### B. ANALYSIS

Vary received a within-guideline sentence of 150 months to 40 years' incarceration. A challenge to a within-guidelines sentence is reviewed for reasonableness. *People v Posey*, 512 Mich 317, 326; 1 NW3d 101 (2023) (BOLDEN, J.) (*Posey I*). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted). As explained in *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d (2023) (Docket No. 345491) (*Posey II*), slip op at 2-3:

> "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id*. In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." [*People v*] *Milbourn*, 435 Mich [630,] 668[ 461 NW2d 1 (1990)]. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003).

There is a rebuttable presumption that within-guidelines sentences are proportional. See *Posey I*, 512 Mich at 358-359 (BOLDEN, J.). The defendant bears the burden of demonstrating that his or her within-guidelines sentence "is unreasonable or disproportionate." *Posey II*, ___ Mich App at ___; slip op at 2.

Here, Vary maintains that his sentence is both unreasonable and disproportionate. In support of that contention, he points out that, although the probation department recommended an 84-month minimum sentence, the trial court imposed a 150-month minimum sentence without explaining why it was not following the 84-month recommendation. Yet, it is axiomatic that recommendations made by the probation department are not binding upon the trial court. Moreover, merely pointing out that the trial court did not impose the sentence recommended by the probation department is insufficient to overcome the burden that a within-guidelines sentence is reasonable and proportionate. Next, although the trial court could have more clearly articulated the basis for its determination that a 150-month minimum sentence was reasonable and disproportionate, a defendant may not overcome the presumption of proportionality simply by arguing that a trial court could have better articulated its rationale. Vary offers no other argument in support of his contention that the sentences imposed were unreasonable and disproportionate. Accordingly, on this record, we conclude that the presumption of reasonableness has not been overcome.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michelle M. Rick