PEOPLE v LINDSEY

Docket No. 73904. Submitted August 22, 1984, at Detroit.—Decided December 4, 1984. Leave to appeal applied for.

James Lindsey was charged with first-degree murder, assault with intent to commit murder and felony-firearm. Defendant was convicted on his plea of guilty in Recorder's Court of Detroit, Donald L. Hobson, J., of second-degree murder and felony-firearm and was sentenced to life imprisonment on the second-degree murder count. Defendant appealed to the Court of Appeals, which reversed and remanded on the basis that he had been led to believe that he would be eligible for parole but that such an expectation had been frustrated by the fact that the effect of the so-called Proposal B had been determined to preclude any parole consideration for those serving life sentences. Docket No. 55388, decided March 25, 1982 [Unreported]. On remand, the prosecution reinstituted the original charges. Defendant thereafter was convicted on his plea of nolo contendere before Samuel H. Olsen, J., of second-degree murder, assault with intent to murder and felony-firearm. Defendant was sentenced to 30 to 60 years on the murder charge, 20 to 60 years on the assault charge and 2 years on the felony-firearm charge. Defendant appealed. *Held:*

1. The 30- to 60-year sentence on the murder charge is not a greater sentence, within the meaning of the rule which prohibits a greater sentence being imposed to punish a defendant for successfully appealing a conviction, than the life sentence that was imposed following the first conviction. Defendant's contention that he would be eligible for parole at an earlier date

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 193.

[1, 2] 21 Am Jur 2d, Criminal Law §§ 314, 472, 477.

[2] 21 Am Jur 2d, Criminal Law § 271.

Retrial on greater offense following reversal of plea-based conviction of lesser offense. 14 ALR4th 970.

Propriety of increased punishment on new trial for same offense. 12 ALR3d 978.

[3] 21 Am Jur 2d, Criminal Law § 495.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

under the original life sentence than under the 30-year minimum sentence he received after the conviction after remand is without merit, since the substance of his first appeal was that parole was not available under the life sentence. Further, even if he had been eligible for parole under the life sentence at an earlier date than he would be eligible for parole under the 30- to 60-year sentence, under the Michigan statutory scheme relative to paroles, it is the nature of the sentence, not one's eligibility for parole, which determines whether the sentence after a successful appeal is greater than the original sentence. By definition, a life term is a greater penalty than a term of years.

2. Since defendant's prior conviction was overturned for a reason other than a failure to comply with the procedural mandate of the court rule governing guilty pleas, the prosecution was not precluded from reinstituting the original charges.

• 3. The trial court properly established the necessary factual basis for defendant's plea of nolo contendere by referring to the preliminary examination testimony. The preliminary examination testimony provided an adequate factual basis.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — APPEAL — RETRIAL — SENTENCING.

A criminal defendant who was convicted on his plea of guilty of second-degree murder and was sentenced to life imprisonment and who had that conviction reversed on appeal because he had the expectation that he would be eligible for parole if given a life sentence may be sentenced upon a new conviction for second-degree murder to a sentence of 30 to 60 years in prison, since the sentence for a term of years is not a greater sentence within the meaning of the United States Supreme Court holding that one may not be given a greater sentence following a reconviction following a successful appeal.

2. CRIMINAL LAW — GUILTY PLEAS — APPEAL — RETRIAL.

A criminal defendant who is convicted on his plea of guilty to a lesser included offense to that which was originally charged and who successfully has that plea-based conviction overturned on appeal on the basis of a procedural error resulting from the failure to comply with the court rule governing the taking of pleas of guilty may not be charged with the original greater charge upon remand to the trial court; however, where the plea-based conviction of the lesser offense is overturned on appeal on a basis other than the failure to comply with the procedural mandates of the court rule governing the taking of

pleas of guilty, the prosecution may reinstate the original greater charge.

3. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

The factual basis for a nolo contendere plea may be established by reference to the preliminary examination transcript.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: SHEPHERD, P.J., and MacKENZIE and P. NICOLICH,* JJ.

PER CURIAM. Defendant pled no contest to charges of second-degree murder, MCL 750.317; MSA 28.549, assault with intent to murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2). The trial court sentenced him to concurrent prison terms of 30 to 60 years for the murder conviction and 20 to 60 years for the assault conviction, and the mandatory, consecutive two-year term for felony-firearm. Defendant appeals as of right, raising three issues. We affirm.

This matter is before this Court for the second time. In 1980, defendant pled guilty to second-degree murder and felony-firearm, in exchange for dismissal of charges of first-degree murder and assault with intent to commit murder. The trial court sentenced him to a term of life imprisonment. This Court vacated the conviction in an unpublished per curiam opinion (Docket No. 55388, decided March 25, 1982), because defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had been led to believe that he would be eligible for parole. On remand, the prosecution reinstituted the original charges.

Defendant contends that the 30-year minimum sentence imposed following his nolo contendere plea on remand is improper, since it amounts to a punishment for successfully appealing from the original, plea-based conviction. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969). According to defendant, the 30-year minimum is a greater sentence than the life term first imposed, because the latter sentence left him with a reasonable expectation of eligibility for parole after ten years under the "lifer law". MCL 791.234(4); MSA 28.2304(4). This argument lacks merit. This Court's reversal of defendant's original conviction was based on a conclusion that his expectation of parole had no legal basis, owing to the effect of Proposal B. MCL 791.233; MSA 28.2303, *People v Cohens (After Remand),* 134 Mich App 132; 351 NW2d 205 (1984); *People v Penn,* 102 Mich App 731; 302 NW2d 298 (1981); but see *People v Waterman,* 137 Mich App 429; 358 NW2d 602 (1984). Since this Court vacated defendant's prior conviction, his erroneous expectation of parole was irrelevant to the proceedings on remand. In fact, the sentence on remand now leaves defendant eligible for parole at some point in the future. MCL 791.234(1); MSA 28.2304(1).

Moreover, a life term is, by definition, a greater penalty than a minimum term of years. Even if Proposal B did not affect a "lifer's" chances for parole, *Waterman, supra,* the mere possibility of parole would not render a life term less serious than a term of years. The decision whether to grant parole to such a prisoner is "discretionary with the parole board". MCL 791.234(5); MSA 28.2304(5), *Shields v Dep't of Corrections,* 128 Mich

App 380; 340 NW2d 95 (1983). The sentencing
court can prevent the granting of parole by filing
written objections thereto. MCL 791.234(4). Thus, a
"non-lifer" is more easily made eligible for parole
than a "lifer". MCL 791.234(1). Given this statu-
tory scheme, whether a sentence imposed follow-
ing a successful appeal is greater for purposes of
*Pearce, supra,* is determined by the sentence itself,
not by eligibility for parole.

Next, defendant argues that the prosecution
could not charge him anew with first-degree mur-
der after this Court vacated his guilty plea. *People
v McMiller,* 389 Mich 425, 434; 208 NW2d 451
(1973), *cert den* 414 US 1080 (1973). We disagree.
The rule announced in *McMiller* applies only
where there was a procedural error in the plea-
taking process. *People v Thornton,* 403 Mich 389,
392; 269 NW2d 192 (1978); *People v Lippert,* 79
Mich App 730, 737; 263 NW2d 268 (1977), *lv den*
404 Mich 805 (1978); see also GCR 1963, 785.[1]
There was no such error in defendant's guilty plea
proceeding. The trial court is not required to ad-
vise the accused of the consequences of Proposal B
before accepting a guilty plea. *People v Johnson,*
413 Mich 487; 320 NW2d 876 (1982).

Defendant's last claim is that there was an
insufficient factual basis for his nolo contendere
plea. The trial judge relied on his reading of the
preliminary examination transcript. At the exami-
nation, the murder victim's son testified that de-
fendant shot him and his mother at close range

---

[1] We also note that the *McMiller* rule is somewhat undercut by a
recent amendment to GCR 1963, 785.7(7). See 418 Mich ix-xi. In
appeals from guilty plea convictions entered on or after March 1,
1984, a defendant must raise alleged noncompliance with the court
rule by moving in the trial court for withdrawal of the plea. If the
motion is granted, the case may proceed on the basis of the original
charge.

with a handgun. Defense counsel stipulated to the sufficiency of the evidence adduced at the preliminary examination as a basis for the nolo contendere plea. There was no error. *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975); *People v Michelle,* 69 Mich App 389, 391; 245 NW2d 59 (1976).

Affirmed.