## PEOPLE v HUTCHINSON

Docket No. 85382. Submitted September 3, 1986, at Grand Rapids. Decided October 6, 1986. Leave to appeal denied, 428 Mich —.

Defendant, Douglas Hutchinson, was convicted, on his plea of guilty, of second-degree murder, Grand Traverse Circuit Court, Charles M. Forster, J., and was sentenced to serve from forty to sixty years in prison. Defendant appealed.

The Court Of Appeals *held:*

1. Defendant will not be eligible for parole after serving ten years in prison. The provision in the parole act requiring the serving of a mandatory minimum sentence before being eligible for parole applies only to indeterminate sentences. It binds the parole board, precluding release of a prisoner before the expiration of the minimum term fixed by the sentencing judge for crimes enumerated in the statute such as second-degree murder and has no application to a fixed or life sentence. Defendant had no reason to believe when he tendered his plea that he would be eligible for parole after serving ten years.

2. Defendant is not entitled to appeal the issue of the court's refusal to suppress certain evidence. Defendant's unconditional guilty plea acted as a waiver of the issue.

3. The magistrate did not abuse his discretion in binding defendant over.

4. The sentence did not shock the conscience of the Court of Appeals and was within the sentencing guidelines recommendation of twelve years to life.

Affirmed.

1. PAROLE — LIFE SENTENCES — MANDATORY MINIMUM SENTENCES.

The provision in the parole act requiring the serving of a mandatory minimum sentence before being eligible for parole applies

REFERENCES

Am Jur 2d, Criminal Law § 473.

Am Jur 2d, Pardon and Parole § 84.

Validity of statutes prohibiting or restricting parole, probation, or suspension of sentence in cases of violent crime. 100 ALR3d 431.

See also the annotations in the Index to Annotations under Exclusion and Suppression of Evidence; Parole, Probation, and Pardon.

only to indeterminate sentences; it binds the parole board, precluding release of a prisoner before the expiration of the minimum term fixed by the sentencing judge for crimes enumerated in the statute such as second-degree murder and has no application to a fixed or life sentence (MCL 791.233b; MSA 28.2303[3]).

2. CRIMINAL LAW — GUILTY PLEAS — SUPPRESSION OF EVIDENCE — PRESERVING QUESTION — WAIVER.

A plea of guilty made unconditionally waives the issue of the propriety of the court's refusal to suppress evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. Foresman,* Prosecuting Attorney, and *Tonatzin M. Alfero Garcia,* Assistant Attorney General, for the people.

*Lewis & Schuknecht, P.C.* (by *Michael D. Lewis*), for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. F. WALSH, JJ.

R. B. BURNS, P.J. Defendant appeals following his January 17, 1985, plea-based conviction for second-degree murder. MCL 750.317; MSA 28.549. He was sentenced to serve from forty to sixty years. He now appeals and we affirm.

Defendant first requests us to determine whether he will be eligible for parole after serving ten calendar years of his sentence. MCL 791.234(4); MSA 28.2304(4), known as the "lifer law," provides in pertinent part as follows:

A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence is subject to the jurisdiction of the parole board and may be released on parole by the parole board . . . .

In *People v Johnson,* 421 Mich 494; 364 NW2d 654 (1984), the Supreme Court held that, while the above statute continued to apply to nonmandatory life terms, Proposal B, MCL 791.233b; MSA 28.2303(3), continues to apply to indeterminate sentences:

> We hold that Proposal B applies only to indeterminate sentences. Its express provisions are binding on the parole board, and the board may not release on parole, before the expiration of the minimum term fixed by the sentencing judge, any person given an indeterminate sentence for the crimes specified after the proposal's effective date. It has no application to a fixed or life sentence. [421 Mich 498.]

The essence of defendant's argument is that he should come within the provisions of the lifer law since he entered into his plea bargain with the belief that he would be eligible for parole after ten years at the most. However, a review of the facts of this case and the case law as it existed on January 17, 1985, leads us to conclude that defendant had no reason to reasonably entertain such a belief.

A review of the plea transcript reveals no statement by defendant or defense counsel that defendant's plea was predicated on the belief that the lifer law would apply to any indeterminate sentence. Moreover, the trial court did specifically inform defendant that second-degree murder was subject to Proposal B.

We conclude that defendant's plea bargain was not based upon the belief that the lifer law would apply to any indeterminate sentence imposed on defendant.

Since the lifer law was not a basis of defendant's plea bargain, there is no reason to conclude that

defendant should be eligible for parole after ten years.

Before moving to the next issue, we would like to briefly dismiss defendant's argument concerning whether *Johnson* should only be applied prospectively. There is no question here whether *Johnson* should have prospective or retrospective effect because *Johnson* did not change any preexisting interpretation of the law. Rather, *Johnson* represents an initial interpretation by the Supreme Court of a statutory question, namely the effect of Proposal B on the lifer law.

We hold that indeterminate sentences subject to Proposal B are not affected by the lifer law.

Next, defendant seeks appellate review of the trial court's denial of a motion to suppress evidence, namely an inculpatory statement made by defendant while in custody. Defendant argues the issue is reviewable despite his guilty plea, citing *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). We disagree. In *People v Reid,* 420 Mich 326, 337; 362 NW2d 655 (1984), the Supreme Court established the requirements for raising suppression issues following a guilty plea:

> In sum, we hold that a defendant in a criminal case may, after pleading guilty, appeal a decision denying a motion to suppress evidence where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea. If they so agree, the defendant may offer a conditional plea of guilty, and, after his conviction on such a plea, he may appeal from the adverse ruling on his search and seizure claim. If the defendant's claim is sustained on appeal, he may withdraw his plea of guilty.

A review of the plea transcript in this case indicates that the plea was not conditional. Accordingly, defendant waived all suppression issues.

Defendant also argues that the magistrate abused his discretion in binding defendant over. See *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979). We have reviewed the issue and find no abuse of discretion.[1]

Finally, defendant argues that his sentence should shock our judicial conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). It does not. We do note that the sentence was within the sentencing guidelines recommendation of twelve years to life.

Affirmed.

---

[1] We also wish to reject defendant's argument that, were we to vacate his plea, we should remand this case for trial on a second-degree murder charge, rather than on the original first-degree murder charge. Defendant's request is contrary to MCR 6.101(F)(7)(d), which provides that, if a defendant is permitted to withdraw his guilty plea, he may be brought to trial on the original charge. Defendant cannot have his plea set aside and still face no greater charge than that to which he pled. Were we to set aside the plea, defendant would face trial on the original first-degree murder charge and a sentence of life in prison without parole. MCL 750.316; MSA 28.548 and MCL 791.234; MSA 28.2304. Defendant, however, does not wish this since, in his prayer for relief, he states that, if this Court insists on a remand for trial on first-degree murder, "Defendant-Appellant requests that the remand not be ordered." However, as noted above, defendant cannot have his cake and eat it too. In any event, we find no need for a remand.