PEOPLE v McNEAL

Docket No. 91559. Submitted October 17, 1986, at Detroit. Decided November 18, 1986.

Anthony K. McNeal was convicted by the Lenawee Circuit Court on his plea of guilty of the offense of armed robbery. The circuit court sentenced defendant to from thirty-five to seventy years in prison. On appeal, the Court of Appeals, in an unpublished per curiam opinion decided August 19, 1983 (Docket No. 59311), affirmed defendant's conviction and sentence. Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration. 419 Mich 891 (1984). The Court of Appeals, by an order, remanded the case for resentencing of defendant by the circuit court. The circuit court, John C. Timms, J., imposed the same sentence. Defendant again appealed and the Court of Appeals reversed and remanded for resentencing before a different judge, holding that defendant had been denied his right of allocution, 150 Mich App 85 (1985). On that remand, the trial court, Kenneth B. Glaser, J., imposed a sentence of life in prison. Defendant appealed once more.

The Court of Appeals *held:*

1. The trial court impermissibly imposed a greater sentence on remand than the one to which defendant was originally sentenced. The sentencing judge at the second resentencing improperly based his imposition of a life term on the facts of the underlying crime. Events occurring before imposition of the original sentence may not be used to justify the imposition of a harsher sentence on resentencing. Defendant's sentence must be vacated.

2. Remand for resentencing is again necessary. The sentencing court is not forbidden from imposing a sentence harsher than the original sentence imposed, but any such sentence must be justified by reference to events or conduct which

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.*

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

occurred after the original sentencing. The case is also to be reassigned to a different circuit judge for resentencing.

Reversed and remanded.

WAHLS, J., concurred in the result only.

CRIMINAL LAW — RESENTENCING — HARSHER SENTENCES.

Events occurring prior to the imposition of a defendant's original sentence may not be used to justify the imposition of a harsher sentence on resentencing; imposition of a harsher sentence must be justified by reference to events or conduct which occur after the imposition of the original sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Tonatzin M. Alfaro Garcia,* Assistant Attorney General, for the people.

State Appellate Defender (by *Herb Jordan*), for defendant on appeal.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

R. B. BURNS, J. In 1981, defendant pled guilty to armed robbery. MCL 750.529; MSA 28.797. He was sentenced to from thirty-five to seventy years in prison. Defendant then appealed as of right to this Court, which affirmed. *People v McNeal,* unpublished opinion per curiam of the Court of Appeals, decided August 19, 1983 (Docket No. 59311). The Supreme Court thereafter, in lieu of granting leave to appeal, remanded the case to this Court "for reconsideration in light of *People v Coles,* 417 Mich 523 (1983)." *People v McNeal,* 419 Mich 891; 349 NW2d 511 (1984). This Court disposed of the case by order dated October 5, 1984 (No. 79236), remanding the case to the trial court for reconsideration in light of *Coles, supra.*

On remand, the trial court resentenced defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant to the original thirty-five- to seventy-year prison term. Defendant again appealed and this Court reversed and remanded for resentencing before a different judge, holding that defendant had been denied his right of allocution. *People v McNeal,* 150 Mich App 85; 389 NW2d 708 (1985). On that remand, the trial court imposed a sentence of life in prison. Defendant once again appeals and we once again reverse.

Defendant's sole issue on appeal is that the trial court impermissibly imposed a greater sentence on remand than the one to which defendant was originally sentenced. We agree.

We begin by briefly noting that a parolable life term is, as a matter of law, a lengthier sentence than any term of years, even though a defendant sentenced to life in prison may be eligible for parole before a defendant sentenced to a lengthy term of years. *People v Lindsey,* 139 Mich App 412, 415; 362 NW2d 304 (1984). See also *People v Hutchinson,* 155 Mich App 84; 399 NW2d 448 (1986) (comparison of parolable life sentences and indeterminate sentences under Proposal B).

Thus, defendant's life term, received at the second resentencing, is harsher than the thirty-five to seventy years in prison he received at the original sentencing and the first resentencing. While it is within a sentencing judge's authority to impose a harsher sentence on resentencing following a successful appeal than that originally imposed, that authority is restricted. See *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Jones,* 403 Mich 527; 271 NW2d 515 (1978).

The Supreme Court further explained the *Pearce* doctrine in *Wasman v United States,* 468 US 559; 104 S Ct 3217; 82 L Ed 2d 424 (1984).

Therein, the Court stated the purpose of the *Pearce* decision:

> To prevent actual vindictiveness from entering into a decision and allay any fear on the part of a defendant that an increased sentence is in fact the product of vindictiveness, the Court fashioned what in essence is a "prophylactic rule," see *Colton v Kentucky,* 407 US 104, 116 [32 L Ed 2d 584; 92 S Ct 1953] (1972), that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 395 US 726 [23 L Ed 2d 656; 89 S Ct 2072]. This rule has been read to "[apply] a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *United States v Goodwin,* 457 US 368, 374 [73 L Ed 2d 74; 102 S Ct 2485] (1982). The rationale for requiring that "the factual data upon which the increased sentence is based" be made part of the record, of course, is that the "constitutional legitimacy," of the enhanced sentence may thereby be readily assessed on appeal. Ibid. [468 US 564-565.]

The *Wasman* Court went on to state that a sentencing judge may justify the imposition of a harsher sentence under certain circumstances:

> We hold that after retrial and conviction following a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings. 395 US 726 [23 L Ed 2d 656; 89 S Ct 2072]. [468 US 572. Footnote omitted.]

The omitted footnote indicated that the Court declined to consider whether a harsher sentence could be justified by reference to an event or conduct occurring before the original sentence.

In the case at bar, the sentencing judge at the second resentencing based his imposition of a life term on the facts of the underlying crime. While the sentencing judge did make reference to defendant's mixed performance in prison, the judge's comments suggest that he considered defendant's prison conduct to be a neutral factor, or, perhaps, even slightly positive.

Thus, we must decide the question which the United States Supreme Court declined to address in *Wasman, supra;* namely, whether events occurring before imposition of the original sentence may be used to justify the imposition of a harsher sentence on resentencing. We conclude they may not be so considered.

The Michigan Supreme Court, in *People v Payne,* 386 Mich 84, 96-97; 191 NW2d 375 (1971), rev'd on other grounds 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973), interpreted *Pearce, supra,* as prohibiting the use of events occurring prior to the original sentencing to justify the imposition of a harsher sentence:

> Pending clarification of *Pearce's* requirements by the United States Supreme Court, we are persuaded that those courts are correct which have interpreted *Pearce* to require that the "identifiable conduct" of the defendant upon which a resentencing judge relies in imposing a stiffer sentence must have occurred *after* the first sentencing. That the *Pearce* Court intended this result is evidenced by Mr. Justice White's one sentence opinion advocating the opposite result:
> "I join the Court's opinion except that in my view Part II-C [standards and procedures governing harsher sentence upon reconviction] should authorize an increased sentence on retrial based on any objective, identifiable factual data not known to the trial judge at the time of the original sentenc-

ing proceeding." [*Pearce, supra,* p 751. Emphasis in original.]

The people urge us to follow the majority opinion in *People v Mazzie,* 137 Mich App 60; 357 NW2d 805 (1984), lv gtd 422 Mich 974 (1985). The *Mazzie* majority concluded that the ruling in *Payne* was no longer viable in light of *Wasman, supra:*

> The Michigan Supreme Court in *People v Payne,* 386 Mich 84; 191 NW2d 375 (1971), *rev'd on other grounds* 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973), interpreted *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), as requiring that the "identifiable conduct" of a defendant that a sentencing judge may rely upon in imposing a more severe sentence must have occurred "after" the first sentence. This interpretation was wrong as evidenced in *Wasman v United States,* [468] US [559]; 104 S Ct 3217; 82 L Ed 2d 424 (1984). In *Wasman,* the Court said *Pearce* did not prevent consideration of criminal acts committed prior to the original sentencing. [*Mazzie, supra,* pp 68-69.]

We believe that the *Mazzie* majority misinterpreted *Wasman.* The *Wasman* Court, while allowing the use of a conviction which occurred after the original sentencing, even though based on a crime committed before the original sentencing, specifically noted that it was not faced with the question of whether events occurring before the original sentencing may be considered:

> The Solicitor General argues that the "temporal limitation" imposed by *Pearce* on information that may be considered by a sentencing authority is unnecessary to advance the policies underlying that decision. However, the question whether an increased sentence can be justified by reference to

an event or conduct occurring before the original sentencing is not presented in this case. [*Wasman,* 468 US 572, n*.]

This author's dissent in *Mazzie* continued to adhere to the *Payne* ruling:

In *People v Payne,* 386 Mich 84; 191 NW2d 375 (1971), the Michigan Supreme Court interpreted *North Carolina v Pearce,* 395 US 711; 89 S Ct 2972; 23 L Ed 2d 656 (1969), as requiring that the "identifiable conduct" of the defendant that a sentencing judge may rely upon in imposing a more severe sentence must have occurred "after" the first sentence. The trial judge erred by increasing the defendant's sentence. Judge Townsend's expressed reasons for imposing a harsher sentence all relate to the facts adduced at trial relating to defendant's heinous crime that were not known by the prior sentencing judge. The record of the second sentencing does not disclose "objective information concerning identifiable conduct on the part of defendant occurring after the time of the original sentencing proceeding." *Payne, supra,* p 97. [*Mazzie, supra,* pp 72-73 (R. B. BURNS, P.J., dissenting.]

We conclude that *Payne* has continuing validity in light of *Wasman.* Furthermore, since the sentencing judge in the instant case imposed a harsher sentence based upon events occurring prior to the original sentencing,[1] namely, the events of the crime itself, defendant's sentence must be vacated.

---

[1] We also note that the sentencing judge stated that he was uncertain as to whether a life sentence was a harsher sentence than that originally imposed. We fail to understand why the sentencing judge should have been uncertain since *Lindsey, supra,* had been released over a year before. However, the sentencing judge's confusion, and apparent lack of concern, over the question of whether or not he was imposing a harsher sentence compels the necessity of a remand even more.

There remains the question of the remedy to be fashioned in this case. Defendant requests that we merely amend the sentence to be from ten to seventy years. He argues that this would be the appropriate remedy since the seventy-year maximum represents the maximum originally imposed and the ten-year minimum reflects the minimum sentence he would have had to serve on the parolable life term.[2]

We reject defendant's proposed remedy. First, our conclusion does not prevent the trial court from imposing a sentence harsher than that originally imposed. We concluded that the harsher sentence was not justified by the sentencing judge, not that a harsher sentence was unjustifiable. Secondly, this Court has never held that defendant's original sentence of from thirty-five to seventy years shocked our conscience;[3] we are still waiting for the trial court to properly sentence defendant after considering the teachings of *People v Coles, supra.* Finally the trial court might well decide that an appropriate sentence might involve a minimum term greater than ten years, but less than thirty-five years (and, similarly, a maximum term other than seventy years). A prison term of from twenty to fifty years, for example, would be more lenient than both defendant's original sentence and his parolable life sentence.[4]

Accordingly, we find it necessary to again remand for resentencing. While we do not forbid the sentencing court from imposing a sentence harsher than thirty-five to seventy years, any such sentence must be justified by reference to events or conduct occurring after the original sentencing.

[2] See *Hutchinson, supra.*

[3] See *McNeal,* 150 Mich App 90.

[4] See *Lindsey, supra.* Of course, we express no opinion as to whether that sentence itself would be appropriate.

Reversed and remanded with instructions that the case is to be reassigned to a different circuit judge for resentencing. We do not retain jurisdiction.

M. WARSHAWSKY, J., concurred.

WAHLS, J., concurs in the result only.