PEOPLE v COKER

Docket No. 93591. Submitted June 17, 1987, at Detroit. Decided
September 9, 1987.

Kelvin Coker was convicted of larceny from a person, Recorder's
Court of Detroit, M. John Shamo, J., and was sentenced to from
three to ten years in prison. Defendant appealed and the Court
of Appeals remanded retaining jurisdiction to allow defendant
to move for resentencing based on the issue of whether the
trial court had adequately explained its reasons for departing
from the sentencing guidelines. At the hearing on remand, the
trial judge stated that he could not articulate any better his
reasons for departing from the guidelines and, in order to obey
the directive of this Court, resentenced defendant to five years
probation subject to certain conditions, including the condition
that defendant serve the first eleven months of his probation in
the Wayne County Jail with credit for time served. Under his
first sentence of from three to ten years, defendant had already
served 138 days and due to good behavior was scheduled to be
sent to a halfway house where he could visit his family and
secure employment. The new sentence effectively required de-
fendant to serve approximately six months more jail time than
would have been required had the resentencing appeal not
succeeded. Defendant moved for peremptory reversal.

The Court of Appeals held:

It is within a sentencing judge's authority, absent a showing
of vindictiveness against the defendant, to impose a harsher
sentence on resentencing following a successful appeal. The
second sentence given defendant was lighter than his first
sentence. There had been no showing of vindictiveness on the
part of the sentencing judge.

Affirmed.

CRIMINAL LAW — SENTENCING — RESENTENCING — HARSHER SEN-
TENCES.

It is within a sentencing judge's authority, absent a showing of

REFERENCES

Am Jur 2d, Criminal Law §§ 535 et seq.
Power of state court, during same term, to increase severity of
lawful sentence—modern status. 26 ALR4th 905.

vindictiveness against the defendant, to impose a harsher sentence on resentencing following a successful appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Ted C. Farmer,* for defendant on appeal.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

WEAVER, J. Following a bench trial, defendant was convicted of larceny from a person, MCL 750.357; MSA 28.589, and was sentenced to from three to ten years in prison. On appeal, this Court remanded to allow defendant to move for resentencing based on the limited issue of whether the trial court had adequately explained its reasons for departing from the sentencing guidelines. At the hearing on remand, the trial judge stated that he could not articulate any better his reasons for departing from the guidelines and, in order to obey the directive of this Court, resentenced defendant to five years' probation subject to certain conditions, including the condition that defendant serve the first eleven months of his probation in the Wayne County Jail with credit for time served. From this new sentence defendant moves for peremptory reversal. We deny the motion to reverse, and affirm the trial court's second sentence.

Under his first sentence of from three to ten years, defendant had already served 138 days and due to good behavior was scheduled to be sent to a half-way house where he could visit his family and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

secure employment. Therefore the new sentence effectively requires defendant to serve approximately six months more jail time than would have been required had the resentencing appeal not succeeded.

However, it is undisputed that defendant's second sentence of five years' probation with eleven months in jail was lighter than his first sentence. Even had the sentence been a harsher one, absent an affirmative showing of vindictiveness against the defendant, it was within the sentencing judge's authority to impose a harsher sentence on resentencing following a successful appeal. See *People v McNeal*, 156 Mich App 379, 381-382; 401 NW2d 650 (1986). Defendant has not demonstrated an affirmative showing of vindictiveness on the part of the resentencing judge in this case.

Hence we find no additional punishment to flow from imposition of the second sentence and no violation of defendant's due process rights for exercising a right to appeal. Merely that the sentence is not to defendant's liking is insufficient reason to overturn the trial court's sound judgment in following the order of the Court of Appeals on resentencing.

Affirmed.