PEOPLE v LINO (AFTER REMAND)

Docket Nos. 120125, 170360. Submitted May 4, 1995, at Lansing.
Decided August 29, 1995, at 9:05 A.M. Leave to appeal sought.

Luciano C. Lino was convicted by a jury in the Ingham Circuit
Court, James R. Giddings, J., of second-degree murder and was
sentenced to forty to sixty years' imprisonment. After an
unrelated conviction of the defendant was reversed by the
Court of Appeals, the Court of Appeals, DOCTOROFF, C.J., and
MURPHY and REILLY, JJ., while retaining jurisdiction, re-
manded the present action to the· trial court for resentencing.
Unpublished order of the Court of Appeals entered September
27, 1993 (Docket No. 120125). On remand, the court resen-
tenced the defendant to life imprisonment. The defendant's two
appeals were consolidated.

After remand, the Court of Appeals *held:*

1. The trial court did not abuse its discretion in permitting
the prosecution to add on the first day of trial a witness not
listed on the prosecution's list of witnesses.

2. The trial court did not abuse its discretion in denying the
defendant's motion to admit into evidence a police detective's
typewritten report of an interview of a witness.

3. A parolable life sentence is greater punishment than a
long-term indeterminate sentence.

4. Because the sentencing court sentenced the defendant to
life imprisonment under the erroneous belief that the sentence
would make the defendant eligible for parole sooner than if he
received a long term of years, the case must be remanded for
resentencing.

5. The record does not support the allegation that the sen-
tence imposed on resentencing was the result of vindictiveness
on the part of the sentencing judge.

Conviction affirmed; case remanded for resentencing.

REFERENCES

Am Jur 2d, Constitutional Law § 851; Criminal Law §§ 314; 542;
1010.

See ALR Index under Disclosure; Due Process; Indeterminate Sen-
tence; Life Imprisonment; Presumptions and Burdens of Proof.

1. CRIMINAL LAW — WITNESSES — LATE ENDORSEMENT.

    The prosecution's violation of the statutory provision regarding
    its duty to provide the defendant a list of all witnesses known
    to the prosecutor who might be called at trial does not require
    automatic dismissal of the action; a prosecutor may be permit-
    ted to endorse a witness late upon leave of the court and for
    good cause shown; the trial court must exercise its discretion in
    fashioning a remedy for noncompliance with a discovery stat-
    ute, rule, order, or agreement (MCL 767.40a; MSA 28.980[1]).

2. CRIMINAL LAW — SENTENCES — INDETERMINATE SENTENCES —
    PAROLABLE LIFE SENTENCES.

    A long-term indeterminate sentence is less severe punishment
    than a term of parolable life imprisonment; a term of life is, as
    a matter of law, a greater penalty than a term of years.

3. CRIMINAL LAW — SENTENCES — RESENTENCING — PRESUMPTION OF
    VINDICTIVENESS.

    A rebuttable presumption of vindictiveness applies where a more
    severe sentence is imposed on resentencing by the judge that
    imposed the original sentence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Birch, McNeil & Mowry, P.C.* (by *Kenneth A. Birch*), and *Patrick K. Ehlmann,* for the defendant on appeal.

AFTER REMAND

Before: MURPHY, P.J., and JANSEN and R. L. KACZMAREK,* JJ.

JANSEN, J. Following a jury trial in the Ingham Circuit Court, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549. Defendant was tried jointly with Robert Hoffman before separate juries. Hoffman was also convicted of

* Circuit judge, sitting on the Court of Appeals by assignment.

second-degree murder.[1] Defendant was originally sentenced to forty to sixty years' imprisonment. However, after an unrelated conviction of his was reversed by this Court, *People v Lino,* 190 Mich App 715; 476 NW2d 654 (1991), defendant moved for a remand of this case for resentencing, which this Court granted in an order dated September 27, 1993. On remand, defendant received a sentence of life imprisonment. Defendant now appeals as of right. We affirm his conviction but remand for resentencing.

This case involves the brutal stabbing of Douglas Perry in the City of Lansing on February 25, 1984. Kyle Brady found Perry's body in a parking lot behind a store the evening of February 25, 1984. An autopsy revealed that Perry had died as a result of multiple stab wounds. Perry suffered several stab wounds to the left upper chest and four to six stab wounds to his left upper back.

Defendant is a male prostitute and a transvestite. Apparently, Perry was a customer of defendant's. There was testimony that defendant told several people that he had "just killed some whito" and that he admitted killing Perry. Defendant also assertedly told Lonnie Labb in May 1986 that "he knocked off a trick for his money earlier and he wasn't going to get caught for it."

Defendant was not interrogated by the police until July 14, 1988. Defendant was again interrogated on August 4 and 23. In his police statements, defendant did not directly implicate himself in Perry's death, but admitted seeing him the night of his murder. Defendant testified at trial, stating that he did not stab Perry and that the

---

[1] Codefendant Robert Hoffman's conviction and sentence were affirmed by this Court. *People v Hoffman,* 205 Mich App 1; 518 NW2d 817 (1994).

witnesses who implicated him were lying or inaccurate. Nevertheless, the jury convicted defendant of second-degree murder.

I

Defendant first argues that the trial court abused its discretion in permitting the prosecution to add Lonnie Labb as a witness on the first day of trial where Labb had not been listed on the witness list. The trial court's decision to allow a late endorsement of a witness is reviewed for an abuse of discretion. *People v Canter,* 197 Mich App 550, 563; 496 NW2d 336 (1992).

Under MCL 767.40a(1); MSA 28.980(1)(1), the prosecutor must attach to the information a list of all witnesses known to the prosecutor who might be called at trial. Under MCL 767.40a(3); MSA 28.980(1)(3), the prosecution must send its list of those witnesses it intends to produce at trial to the defendant not less than thirty days before the trial. In the present case, the prosecutor concedes that the police knew about Labb's possible testimony approximately six weeks before trial. However, Labb was never endorsed as a witness on the prosecutor's witness list.

MCL 767.40a(4); MSA 28.980(1)(4) permits the prosecutor's late endorsement of a witness at any time upon leave of the court and for good cause shown. A violation of § 40a does not require automatic dismissal. Rather, the trial court must exercise its discretion in fashioning a remedy for noncompliance with a discovery statute, rule, order, or agreement. *People v Williams,* 188 Mich App 54, 58-59; 469 NW2d 4 (1991). The trial court ordered that the prosecutor was to make Labb available for an interview by defense counsel and that the prosecutor was to inform defense counsel of the

substance of Labb's testimony. Defendant does not claim that Labb was not made available for such an interview or that the prosecutor did not comply with the trial court's remedy.

Defendant is not entitled to any further remedy. Contrary to defendant's claim, the trial court did fashion a remedy in this case. The court's remedy adequately protected defendant's rights. Defendant has not shown any prejudice as a result of the late endorsement. Further, the prosecutor informed the court that Labb could not be located. Under these circumstances, the trial court did not abuse its discretion in permitting the late endorsement of the prosecutor's witness.

II

Defendant next argues that the trial court abused its discretion in excluding evidence of a recorded recollection of exculpatory statements made by Mary Bates. Bates was codefendant Hoffman's sometime girl friend. Bates was interviewed about the stabbing and the events of February 25, 1984, shortly after the crime. Bates told the police detective that she and Kim McIntyre had borrowed Theda Sinclair's car at about the same time that defendant and Hoffman allegedly borrowed the car.

The detective's handwritten notes of the Bates interview were lost or destroyed before trial. However, sometime in 1988, the detective prepared a typewritten report from the 1984 interview notes. Bates testified at trial, but could not remember her 1984 statement, even after reviewing the detective's typewritten report. Defendant moved to admit the detective's report of the Bates interview pursuant to MRE 803(6) (records of regularly conducted activity are hearsay exceptions). On appeal,

defendant contends that the report should have been admitted as a recorded recollection under MRE 803(5).

Defendant's argument is technically not properly preserved for appeal because an issue based on one ground is not preserved by an objection at trial based on another ground. *Westland v Okopski,* 208 Mich App 66, 72; 527 NW2d 780 (1994). Further, codefendant Hoffman raised this same issue in his appeal. For the reason set forth in that case, we find that the trial court did not abuse its discretion in denying the admission of the police report of Bates' interview. *People v Hoffman,* 205 Mich App 1, 15-17; 518 NW2d 817 (1994).

III

Defendant also raises two issues regarding his sentence. He first argues that the trial court improperly resentenced him to a longer term of imprisonment (life) where there was no substantive change in his behavior and in the presentence report. Defendant also argues that his sentence violates the principle of proportionality. We find that defendant is entitled to resentencing for the reasons set forth below.

Defendant was originally sentenced to a term of forty to sixty years' imprisonment. The guidelines range had been computed at 240 to 480 months or life. However, while this appeal was pending, this Court reversed defendant's separate conviction of gross indecency. *People v Lino,* 190 Mich App 715; 476 NW2d 654 (1991). Thus, defendant moved for a remand for resentencing because the reversal of his conviction would affect the guidelines range. Defendant's motion was granted by this Court in an unpublished order entered September 27, 1993 (Docket No. 120125).

On remand for resentencing, the guidelines range was recomputed to be 180 to 360 months or life. The trial court resentenced defendant to life imprisonment, stating that the life sentence was "a little bit of an advantage to" defendant depending on how he behaved in the Department of Corrections. The trial court further noted that, in changing the sentence, he was giving a little more control to defendant over his outcome.

It is defendant's contention that he was resentenced to a longer sentence and that there is a presumption of vindictiveness. Essentially, defendant argues that a term of nonmandatory, parolable life imprisonment should always be considered to be more severe than a long term of years. Previous panels of this Court have reached different conclusions regarding whether a parolable life sentence is more severe than a long term of years. In *People v Hurst (After Remand)*, 169 Mich App 160; 425 NW2d 752 (1988), this Court concluded that a forty- to eighty-year sentence was more severe than life imprisonment on the basis that a prisoner serving a nonmandatory term of life is eligible for parole after ten years' imprisonment. MCL 791.234; MSA 28.2304.

Taking the opposite view, panels of this Court in *People v McNeal*, 156 Mich App 379; 401 NW2d 650 (1986), and *People v Lindsey*, 139 Mich App 412; 362 NW2d 304 (1984), concluded that sentences of thirty-five to seventy years and thirty to sixty years, respectively, were lesser sentences than life imprisonment, even though the sentence of life imprisonment would have permitted earlier consideration for parole. The *McNeal* and *Lindsey* panels concluded that a life sentence is always greater punishment than a sentence of a term of years. Accord *People v Crawford*, 161 Mich App

77, 82; 409 NW2d 729 (1987), remanded on other grounds 437 Mich 856 (1990).

Further research into the matter leads us to conclude that a parolable life sentence is greater punishment than a long-term indeterminate sentence. As this Court has noted, if life imprisonment is imposed, under Michigan's "lifer law" a defendant is subject to the jurisdiction of the parole board and eligible for review for parole in ten years for crimes committed before October 1, 1992, or fifteen years for crimes committed on or after October 1, 1992. MCL 791.234(6); MSA 28.2304(6). However, because of the many conditions imposed before a defendant is released on parole, a life sentence rarely results in a defendant's being paroled after ten years. Rather, a defendant is only eligible for review by the parole board at that time. *People v Legree,* 177 Mich App 134, 141; 441 NW2d 433 (1989).

In *People v Moore,* 432 Mich 311, 317; 439 NW2d 684 (1989), our Supreme Court stated that "[o]n its face, the stated penalty for second-degree murder (life, or any term of years) indicates that a term of years is a lesser penalty than life." The Supreme Court quoted with approval *People v Moore,* 164 Mich App 378, 390; 417 NW2d 508 (1987), modified 433 Mich 851 (1989), where this Court stated that if "life" and "any term of years" are mutually exclusive concepts, then the imposition of any number of years must mean a sentence of any number of years less than life. Thus, a life term is, as a matter of law, a greater penalty than a term of years. *Id.*

The discrepancy in parole eligibility apparently has led many sentencing courts to conclude erroneously that a long indeterminate term of years is necessary in order to ensure that defendants who commit brutal crimes remain in prison for a long

time. As noted, under the "lifer law," MCL 791.234(6); MSA 28.2304(6), a prisoner serving a life sentence for a crime committed before October 1, 1992, is subject to the jurisdiction of the parole board after serving ten years. On the other hand, MCL 791.233b; MSA 28.2303(3) provides that prisoners convicted of an enumerated offense (such as second-degree murder) shall not be eligible for parole until the prisoner has served the minimum term less available disciplinary credits. Thus, in this case, under the forty- to sixty-year sentence, defendant would not be eligible for parole until he had served thirty-two years, six months, and three days if he earned all disciplinary credits.

Although a person serving a life term may come under the jurisdiction of the parole board more quickly than a person serving a long indeterminate term of years, being subject to the jurisdiction of the parole board and actually being paroled are two entirely different prospects. *People v Merriweather,* 447 Mich 799, 813-814; 527 NW2d 460 (1994) (CAVANAGH, C.J., dissenting). The fact that a defendant is eligible for parole does not mean that the defendant has a right to parole. *Moore, supra,* 164 Mich App 388. The reality is that those who receive nonmandatory life sentences are rarely paroled after ten years, and, in fact, the majority of defendants sentenced to life imprisonment are *never* granted parole. *Merriweather, supra,* p 814; *People v Bates,* 439 Mich 960, 961 (1992) (CAVANAGH, C.J., dissenting from denial of leave to appeal); *People v Cooper,* 440 Mich 858, 860 (1992) (CAVANAGH, C.J., dissenting from denial of leave to appeal). Statistics bear out Chief Justice CAVANAGH's statements: from 1986 through 1990, only seven prisoners serving parolable life sentences were paroled. Of the 975 prisoners serving such a term in 1990, only two were paroled. Defender

Sentencing Book (1994 ed), p 95. In 1991, only one prisoner serving a parolable life term was paroled. In 1992, again only one prisoner serving a parolable life term was paroled. During the last ten years, fifty prisoners serving parolable life sentences were actually paroled and the releases took place after the prisoners served an average of between 15½ to 19½ years. Dagher-Margosian, *Life means life: parole rarely granted on nonmandatory life terms,* 73 Mich B J 1184-1185 (1994).

Additionally, the Department of Corrections has acknowledged that the "lifer law" (eligibility for parole after ten or fifteen years) is rarely used and that prisoners should never expect that there is any guarantee that they will be considered for parole. *Id.,* p 1185. Therefore, we conclude that a long-term indeterminate sentence is less severe punishment than a term of parolable life imprisonment. Sentencing courts should be aware that it is not necessary to sentence a defendant to a long indeterminate term of years, as opposed to a life sentence, in order to ensure that the defendant will remain incarcerated for a long time. It is quite clear that a term of life imprisonment is just that.

The sentencing court in the present case resentenced defendant under the erroneous conclusion that a term of life imprisonment was an advantage to defendant. In fact, just the opposite is true. A sentence of life is a more harsh sentence than one of even forty to sixty years. *Merriweather, supra,* p 814; *Moore, supra,* 432 Mich 317 (a term of years is a lesser penalty than life). Because the trial court sentenced defendant to a more severe sentence on remand and sentenced defendant under the erroneous belief that a life sentence would make defendant eligible for parole sooner than a long term of years, we remand for resentencing.

*People v Biggs,* 202 Mich App 450, 456; 509 NW2d 803 (1993); *People v Whalen,* 412 Mich 166, 170; 312 NW2d 638 (1981) (a sentence is invalid and a defendant is entitled to resentencing if the sentencing court fails to exercise its discretion because it is laboring under a misconception of the law).

We comment on defendant's claim regarding the presumption of vindictiveness. Where both sentences are imposed by the same judge and the second sentence is increased, there is a presumption of vindictiveness. That presumption may be overcome if the trial court enunciates reasons for doing so at resentencing. *People v Mazzie,* 429 Mich 29, 35; 413 NW2d 1 (1987). In the present case, we have concluded that the trial court resentenced defendant to an increased sentence. However, the trial court resentenced defendant under the erroneous conclusion that a term of life is more advantageous to defendant than a long term of years. Other comments from the trial court indicated that it believed that the second sentence was less severe. Thus, there is no showing of vindictiveness from the record. Rather, the trial court erroneously concluded that a life sentence is less severe than a long term of years.

On remand, the presentence report must be updated, *People v Triplett,* 407 Mich 510, 515; 287 NW2d 165 (1980), and the sentencing guidelines may be recomputed to include the conviction that was reinstated by the Supreme Court. See *People v Lino,* 447 Mich 567; 527 NW2d 434 (1994). We offer no opinion regarding the proportionality of either a life sentence or a forty- to sixty-year sentence in this case.

Defendant's conviction is affirmed but the case is remanded for resentencing in accordance with this opinion. Jurisdiction is not retained.