*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMAR TERRELLE PURDLE,

      Defendant-Appellant.

FOR PUBLICATION
February 22, 2024

No. 353821
Kent Circuit Court
LC No. 19-003606-FC

ON REMAND

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent and would remand for resentencing.

The only crime in Michigan for which a defendant may be sentenced to life without parole is first-degree murder. MCL 750.316(1). This is the harshest sentence that can be imposed because it means that the defendant will not be considered for parole within his lifetime. A defendant convicted of second-degree murder may not lawfully be sentenced to life without parole. A defendant convicted of second-degree murder may be sentenced to "life, or any term of years," MCL 750.317, but cannot be denied the possibility of release through parole. See *People v Jenkins*, 395 Mich 440, 442; 236 NW2d 503 (1975), overruled on other grounds by *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002). This statutory language has been in effect "at least since 1846." *Elliot v Dep't of Corrections*, 343 Mich 681, 689; 73 NW2d 298 (1955).

Defendant was 31 years old when he was sentenced to a minimum term of 56 years, 8 months. Given that sentence, he will not even be considered for parole until he is 88 years old. By contrast, an individual sentenced to life with the possibility of parole must be considered for parole after 15 years. MCL 791.234(8)(b). One need not be a legal scholar to observe that this dichotomy makes little sense, as it provides for a far earlier opportunity for parole for someone sentenced to life imprisonment than someone sentenced to a term of years.

This has not always been the case. In 1989, in *People v Moore*, 432 Mich 311, 329; 439 NW2d 684 (1989), the Michigan Supreme Court held that a "term of years must be an indeterminate sentence less than life. It must be something that is reasonably possible for a

-1-

defendant actually to serve." (quotation marks and citation omitted). The Court did not require that the trial court make an individualized estimate of a defendant's life expectancy, but did "direct the trial court to fashion a sentence that a defendant in his mid-to late- thirties has a reasonable prospect of actually serving." *Id*. See also *People v McNeal*, 156 Mich App 379, 381; 401 NW2d 650 (1986) ("[A] parolable life term is, as a matter of law, a lengthier sentence than any term of years[.]").

The *Moore* decision was, however, abrogated in *People v Lemons*, 454 Mich 234; 562 NW2d 447 (1997). In my view, the opinion in *Moore* and the partial dissent in *Lemons* have the far better of the argument, and I urge the Supreme Court to reconsider *Lemons*. A minimum term of years that cannot be reasonably expected to be servable within a defendant's lifetime is greater than a sentence of life with parole eligibility after 15 years, and improperly sidesteps the requirement that even those guilty of second-degree murder and sentenced to life are entitled to parole consideration within their lifetimes.

*Lemons* was decided in a very different context than exists today. In 1997, prisoners were eligible for disciplinary credits that would result in far earlier parole consideration.[1] The effect of disciplinary credit reductions should not be underestimated. When *Lemons* was decided, a prisoner sentenced to a 40-year minimum term and who received the maximum credits available to him would be eligible for parole consideration after 16 years. Levine, *Too Many Prisoners: Undoing the Legacy of Getting Too Tough*, 96 Mich B J 32, 34 (Sep 2017). In other words, even lengthy terms-of-year sentences provided defendants with parole consideration within their lifetimes. Today, the same prisoner would not eligible for parole consideration until he has served 40 years.

Granted, determining whether a particular defendant will live past his minimum term is not an exact science, and likely asks too much of trial courts to consider the individual variations in health, sex, and race that affect life expectancy. Hence, the *Moore* Court concluded that the issue turns on the life expectancy of an average prisoner. This may not be a perfect standard, but it is workable and minimizes the likelihood of a term of years exceeding a life sentence. According to an analysis of New York state parole data from 1989 to 2003, "Each additional year in prison produced a 15.6% increase in the odds of death for parolees, which translated to a 2-year decline in life expectancy for each year served in prison."[2] Whether these statistics are precisely accurate can certainly be challenged, but even if the effect is 50% of what the study found, a 31-year-old prisoner, like defendant, will lose a year of their life expectancy for every year they spend in prison. Even assuming this more modest effect, it cannot be reasonably concluded that a 31-year-old will survive to age 88 in prison. In other words, defendant will never even be *considered* for parole.

When trial courts impose terms-of-year sentences that cannot be reasonably expected to be servable within the lifetime of a similarly-aged prisoner in average health, it amounts to a de facto

---

[1] Beginning in 1857, Michigan "permitt[ed] the convicts to earn good time by good conduct[.]" *In re Walsh*, 87 Mich 466, 468; 49 NW 606 (1891).

[2] Evelyn J. Patterson, *The Dose-Response of Time Served in Prison on Mortality: New York State, 1989-2003*, American Journal of Public Health (March 2013) <https://ajph.aphapublications.org/doi/full/10.2105/AJPH.2012.301148> (accessed February 14, 2024).

life-without-parole sentence. More relevant to the Supreme Court's remand order, I would hold that when the sentencing court fails to consider this reality, the sentence does not adequately account for the circumstances of that particular defendant, as required by the principle of proportionality. See *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). In this case, defendant was sentenced to a minimum term of years that he cannot reasonably be expected to serve within his lifetime, i.e., the court imposed a de facto sentence of life without the possibility of parole. I would therefore conclude that the sentence is not proportional under *People v Posey*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162373).

/s/ Douglas B. Shapiro