PEOPLE v PHILLIPS

Docket No. 96362. Submitted March 2, 1988, at Lansing. Decided August 16, 1988.

Susan Marie Phillips, who had been employed as a gasoline station manager and whose duties included depositing sales proceeds into her employer's bank account daily, was convicted by a jury of three counts of embezzlement involving the delayed deposit or nondeposit of such proceeds, Ingham Circuit Court, Robert Holmes Bell, J. Defendant appealed.

The Court of Appeals *held:*

1. The presumption of intent to embezzle provided under MCL 750.174; MSA 28.371, which states that an employee's failure, neglect or refusal to pay, deliver or refund to his employer such money or property entrusted to the employee's care upon the employer's demand shall be prima facie proof of intent to embezzle, is not constitutionally overbroad.

2. Defendant, by failing to object to the jury instructions given, waived appellate review of her claim that the instructions regarding the statutory presumption of intent were erroneous.

3. The prosecution's motion in limine to admit evidence of prior similar acts pursuant to MRE 404(b) was made in the course of trial and thus did not have to comply with the requirements of MCR 2.119(C) regarding notice and a written motion. Also, MRE 404(b) establishes no notice requirement which obligates the prosecution to raise the issue prior to trial.

4. Evidence of prior similar acts by defendant was properly admitted in this case.

5. Testimony by the investigating police officer offered by defendant to show that defendant had no prior criminal record was properly ruled inadmissible. Such testimony would not constitute evidence of either reputation or a specific instance of conduct under MRE 405. Also, under MRE 608(b), character

REFERENCES

Am Jur 2d, Embezzlement §§ 19 *et seq.,* 48 *et seq.*
Am Jur 2d, Evidence §§ 320 *et seq.*
Am Jur 2d, Witnesses §§ 563 *et seq.*
See the Index to Annotations under Embezzlement; Witnesses.

evidence consisting of specific instances of conduct or, in this case, the lack of a specific instance of conduct may not be proved by extrinsic evidence.

6. The trial court did not err in not allowing defendant to testify regarding her former supervisor's involvement in the theft of money from their employer. The proffered testimony, which was based on statements made by the supervisor to defendant, was hearsay not admissible under any exception to the hearsay rule.

Affirmed.

1. EMBEZZLEMENT — EMPLOYEES — PRESUMPTIONS — INTENT.

The presumption of intent to embezzle from an employee's failure, neglect or refusal to pay, deliver or refund to his employer such money or property entrusted to the employee's care upon the employer's demand, as provided in the statute proscribing embezzlement by an agent or employee, is not constitutionally overbroad (MCL 750.174; MSA 28.371).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Evidence of a criminal defendant's similar criminal act may be admitted where (1) there is substantial evidence that the defendant actually perpetrated the similar act sought to be introduced; (2) some special quality or circumstance of the act tends to prove the defendant's identity, or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act, or opportunity, preparation, or knowledge; (3) one or more of those factors is material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence substantially outweighs the danger of unfair prejudice (MRE 404[b]).

3. CRIMINAL LAW — EVIDENCE — PRIOR RECORD.

Testimony by the investigating police officer offered by the defendant to show that the defendant has no prior criminal record is not admissible as proof of the defendant's character (MRE 405).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant.

Before: Sawyer, P.J., and Kelly and J. J. Rashid,* JJ.

Sawyer, P.J. Defendant was convicted, following a jury trial, of three counts of embezzlement. MCL 750.174; MSA 28.371. She was thereafter sentenced to five years probation plus restitution in the amount of $10,000.

Defendant was the manager of an MSI Gas Station (Station No. 663) located in Lansing. Her duties included depositing each day's proceeds in the company's account with a bank in Lansing. Defendant's acts of embezzlement, in essence, involved three daily deposits in January of 1986 which defendant reported to the company as having been made and which were, in fact, never deposited. Defendant denies embezzling any money from her employer. She now appeals and we affirm.

Defendant first argues that her convictions must be reversed because the statutory presumption of intent makes the embezzlement statute constitutionally overbroad. MCL 750.174; MSA 28.371 provides that an employee's failure, neglect or refusal to pay, deliver or refund to his employer such money or property entrusted to the employee's care upon the employer's demand shall be prima facie proof of an intent to embezzle. This issue was considered and defendant's position was rejected in *People v Rafalko*, 26 Mich App 565; 182 NW2d 732 (1970).

Defendant next argues that the trial court erred in the instruction given to the jury regarding the statutory presumption of intent to embezzle. However, defendant raised no objection at trial and, therefore, appellate review is precluded. *People v*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Crawford,* 161 Mich App 77, 80; 409 NW2d 729 (1987).

Defendant next argues that the trial court erred by allowing the prosecution to present evidence of defendant's prior similar acts. We disagree.

Defendant first contends in this issue that the prosecution's motion in limine to admit the similar acts evidence under MRE 404(b) was untimely and failed to follow the written motion and notice requirements of MCR 2.119(C). However, the motion was not required to be in writing inasmuch as it was brought during the course of trial. MCR 2.119(A). Furthermore, we do not believe it inappropriate for the prosecutor to bring the motion at trial rather than prior to trial inasmuch as MRE 404(b) establishes no notice requirement which obligates the prosecutor to raise the issue prior to trial.[1]

In order for prior acts testimony to be admissible, it must meet the four-prong test adopted in *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982):

> (1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and, in light of the

---

[1] Indeed, we are not aware of any obligation on the prosecutor to bring a motion in limine in order to receive permission to admit the evidence in the first place. A prosecutor could simply prepare to introduce the evidence and wait for defendant to raise an objection at trial. Therefore, far from faulting the prosecutor for raising the issue by way of a motion in limine at trial, that practice is preferable to not raising the issue at all until an objection is raised in the face of the testimony. The prosecutor's conduct allowed the matter to be considered outside the presence of the jury and avoided any taint to the jury which might have resulted from initially presenting evidence and having defendant object in front of the jury.

slightly different language of MRE 404(b) we add, opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice.

We believe that these four prongs were met in the case at bar. The specific bad acts introduced were evidence that, in the month or two preceding the acts of embezzlement, defendant reported making daily deposits to the company which, according to bank records, were not made until several days later. Specifically, the deposit which defendant reported as having been made on October 28, 1985, was not made, according to bank records, until November 4, 1985; the deposit defendant indicated had been made on November 18 was not made until December 4; and, finally, the deposit defendant reported as having been made on December 16 is reflected by bank records not to have been made until January 8, 1986, and that last deposit was for $400 less than the amount reported by defendant. The dates defendant reported the deposits as having been made were listed on settlement reports signed by defendant and filed with the company.

The fact that the dates reported by defendant in her signed reports did not coincide with the dates reflected in the bank records constitutes substantial evidence that defendant actually perpetrated the bad acts; that is, that she was "borrowing" her employer's money and repaying that money at a later date. With respect to the second prong, we believe this evidence of her earlier "loans" to herself from the employer's money does have a special quality or circumstance which tends to

prove her intent, absence of mistake or accident, scheme, plan or system in committing embezzlement. As for the third prong, in light of defendant's claims that she did not embezzle the money and that the money was actually embezzled by someone else or that the bank made mistakes in recording deposits actually made, the factors listed under the second prong are material to the determination of defendant's guilt as the evidence of the prior bad acts tends to establish that she was involved in an embezzlement scheme and that there was not an error by the bank. Finally, with respect to the question of whether the evidence was more probative than prejudicial, we believe that it was. The evidence was not of an emotional or inflammatory nature nor did it concern acts of embezzlement or similar wrongdoing wholly unrelated to the charged offenses.

For the above reasons, we believe that the trial court properly admitted the evidence of the prior bad acts.

Defendant next argues that the trial court erred by ruling that she could not introduce evidence that she had no previous felony convictions. Defendant desired to have Detective Caudy, the investigating officer, testify that he had investigated defendant's criminal history and determined that defendant had no criminal record. This evidence was precluded following an objection by the prosecution. We are aware of no rule of evidence which would have permitted Detective Caudy to testify as to defendant's lack of a criminal record. It would constitute neither evidence of reputation nor a specific instance of conduct under MRE 405.[2] Fur-

---

[2] In fact, even if it could be construed as a specific instance of conduct or, more precisely, the lack of a specific instance of conduct, it would not be admissible under MRE 405(b) as defendant's character or a trait of character is not an essential element of the charge or defense.

thermore, character evidence may not be introduced by way of specific instances of conduct (or, in this case, the lack of a specific instance of conduct) through extrinsic evidence. MRE 608(b). Thus, at most, Detective Caudy could have only testified as to defendant's reputation for honesty in the community if, in fact, Detective Caudy was familiar with defendant's reputation. Accordingly, the trial court did not err in excluding this testimony.

Finally, defendant argues that the trial court erred by excluding defendant's testimony regarding her supervisor's past actions and character as being hearsay evidence. Defendant sought to testify that her supervisor had been involved in the theft of money from their employer in the past and had otherwise engaged in certain shady business practices. The trial court excluded this testimony on the basis that it constituted hearsay not falling within any exception to the rule. We agree. Defendant admitted that her testimony regarding the supervisor's prior bad acts was based upon the supervisor's statements to her. As such, the supervisor's statements to defendant constitute hearsay evidence. MRE 801(c). Furthermore, defendant's testimony concerning the supervisor's business practices and motivation to commit an embezzlement were being offered as proof of the truth of the matter asserted, namely that the supervisor had committed the instant acts of embezzlement as part of his continuing pattern of theft in order to raise money to support a drug addiction. Furthermore, defendant's testimony could not be construed as an attack on the supervisor's credibility as a witness because, as such, it would be excludable under MRE 608(b) because specific instances of conduct by a witness may not be proved by extrinsic evidence.

Affirmed.