# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK JAMES ELDRIDGE,

        Defendant-Appellant.

UNPUBLISHED
June 16, 2015

No. 318473
Bay Circuit Court
LC No. 12-011030-FH

Before: JANSEN, P.J., and METER and BECKERING, JJ.

BECKERING, J (*concurring in part, dissenting in part*).

I write separately because I would find that the trial court erred when it permitted the prosecutor, over defendant's objection, to ask Rebekah Lloyd whether Judge Sheeran opined that she lied to a jury. The trial court found the question permissible pursuant to MRE 608(b), which provides, in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Under MRE 608(b), a cross-examining attorney may inquire about a specific instance of conduct, but may not prove a specific instance of conduct by extrinsic evidence. *People v Lane*, __ Mich App __; __ NW2d __ (Docket No. 313818, issued November 4, 2014), slip op at 18. See also *People v Phillips*, 170 Mich App 675, 681; 428 NW2d 739 (1988) (holding that MRE 608(b) did not permit a cross-examining attorney to use a hearsay statement to prove the specific instance of conduct). Because a cross-examining attorney may not introduce extrinsic evidence, the attorney is "stuck with" the witness's answer to the inquiry about the specific instance of conduct. *Wischmeyer v Schanz*, 449 Mich 469, 478; 536 NW2d 760 (1995).

I would find the prosecutor's questions to Lloyd were not permissible under MRE 608(b). The prosecutor asked Lloyd, "Ma'am, in front of Judge Sheeran in the Bay County Courthouse, at a hearing on April 24th of 2012, Judge Sheeran found that you had lied to a jury, isn't that

-1-

true?"[1]  As a follow-up, the prosecutor asked Lloyd: "So, [Judge Sheeran] did say that he believed you had lied to a jury?"  The prosecutor's questions were improper under MRE 608(b) for several reasons.  Initially, the questions were improper because they sought to circumvent MRE 608(b)'s ban on extrinsic evidence by injecting extrinsic evidence into the questions themselves.  In this instance, a proper question under MRE 608(b) could have been, "Have you ever lied to a jury before?"  Or, perhaps "Did you lie to a jury in another proceeding?"  If the prosecutor had asked such a question and Lloyd denied as much, the prosecutor would have been "stuck with" her answer, and would not have been able to introduce extrinsic evidence to indicate otherwise.  See *Wischmeyer*, 449 Mich at 478.  See also *Lane*, __ Mich App at __, slip op at 18.  Here, however, the prosecutor circumvented MRE 608(b)'s prohibition on extrinsic evidence by injecting extrinsic evidence into the questions asked.  This was not permissible.  See Park & Lininger, *The New Wigmore: A Treatise on Evidence, Impeachment with Character Evidence*, § 3.3.4, pp 124-125.  See also *United States v Davis*, 183 F3d 231, 257 n 12 (CA 3, 1999), quoting Stephen A. Saltzburg, *Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence*, 7 Crim Just 28, 31 (Winter 1993) ("counsel should not be permitted to circumvent the no-extrinsic-evidence provision [in Rule 608(b)(1)] by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act").[2]

Moreover, the prosecutor's question was improper because it amounted, in essence, to hearsay testimony offered by the prosecutor.  By asking whether Judge Sheeran "did say that he believed you had lied to a jury?" the prosecutor put a hearsay statement in front of the jury.  Hearsay is a statement "other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  MRE 801(c).  Hearsay is inadmissible, unless an exception applies.  MRE 802.  Here, the relevance of the statement was the truth of the matter asserted, i.e., that Judge Sheeran believed Lloyd lied to a jury.  Permitting the prosecutor to question Lloyd in this manner effectively allowed the prosecutor to inject hearsay statements into the questions.

In addition, the plain language of MRE 608(b) supports that the inquiry in this case was impermissible.  MRE 608(b) permits inquiry into the "[s]pecific instances of the *conduct of a witness* . . . ."  (Emphasis added).  The rules of evidence are interpreted in the same manner as statutes, and when the plain language of a rule of evidence is unambiguous, it must be enforced as written.  *People v Snyder*, 301 Mich App 99, 104-105; 835 NW2d 608 (2013).  Here, MRE 608(b) refers to the *conduct of a witness*.  It makes no mention of inquiry into another individual's evaluation of a specific instance of the witness's conduct.[3]  Pursuant to the plain language of MRE 608(b), the prosecutor would have been allowed to ask Lloyd about specific

---

[1] This was in reference to the judge's comments at Lloyd's sentencing hearing in another matter.

[2] Because the Michigan Rules of Evidence were patterned after the Federal Rules of Evidence, our courts often refer to federal precedent for assistance in interpreting and applying our rules of evidence.  See *People v Katt*, 468 Mich 272, 280; 662 NW2d 12 (2003).

[3] MRE 608(a) permits evidence of a witness's character for truthfulness in the form of opinion or reputation testimony.  That rule is not at issue in this case.

instances *of her own conduct*. Thus, if the prosecutor had asked Lloyd whether she lied—not whether someone else believed that Lloyd lied—the question would not have been prohibited by MRE 608(b). However, the prosecutor's questions did not follow this format, and were not proper under the plain language of MRE 608(b). Nor would I find that the questions were permitted under any other rule of evidence, for that matter.[4]

Nevertheless, I concur with the result reached by the majority opinion because I find that the evidentiary error was harmless. "[A] preserved, nonconstitutional error is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009), citing MCL 769.26. Here, the victim testified that defendant contacted her "[a]lmost every night" for a period of time after she obtained a no-contact order. The victim was able to recognize defendant's voice "right away," and she recalled defendant telling her that he had "people looking for her" and that he was going to "beat [her] ass worse than before." The victim identified multiple telephone numbers from which she alleged defendant sent or caused others to send threatening and/or harassing telephone calls and text messages. One of those telephone numbers belonged to Lloyd. Lloyd's testimony concerned only one date out of several on which the victim testified she received threatening and harassing telephone calls. Absent the single occasion referenced by Lloyd, there were, according to the victim's testimony, multiple other dates and times when defendant sent her threatening and/or harassing text messages and telephone calls. Moreover, the victim recalled receiving harassing and/or threatening Facebook messages from defendant. In short, defendant overstates Lloyd's importance as a witness in this case; Lloyd's testimony did not explain a majority of the unconsented, threatening and/or harassing contact alleged by the victim.

On the issue of harmless error, I also note that the victim testified that all of the threatening and harassing contact ceased after defendant was served with a personal protection order (PPO). Defendant's theory of the case was that he was not responsible for the threatening and harassing messages. If someone else, not defendant, was responsible for the messages and telephone calls, it was oddly coincidental that those messages and telephone calls stopped immediately after defendant was served with a PPO.

In conclusion, the trial court should not have permitted the inquiry noted above. However, because I find that the error was harmless in light of the remaining evidence offered at trial, I concur in the majority's decision to affirm defendant's conviction. Defendant was not entitled to a new trial.

/s/ Jane M. Beckering

---

[4] In reaching this conclusion, I note that, had Lloyd been convicted of perjury in a prior proceeding, such a conviction may have been admissible to impeach her testimony under MRE 609. However, there is no indication that Lloyd was convicted of perjury in the prior proceeding; instead, it simply appears that the prosecutor attempted to impeach her with comments that a judge made at sentencing in her prior criminal case.